## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

CYNTHIA BAUMANN,

      Plaintiff,

v.

LAW OFFICE OF THE COOK
COUNTY PUBLIC DEFENDER,
CARLOS GONZALEZ, in his individual
capacity, and COOK COUNTY, ILLINOIS
as indemnitor,

      Defendants.

Case No. 23-cv-435

**JURY DEMANDED**

## COMPLAINT

CYNTHIA BAUMANN ("Plaintiff" or "Baumann"), by and through her undersigned counsel, DISPARTI LAW GROUP, P.A., complains as follows against Defendants LAW OFFICE OF THE COOK COUNTY PUBLIC DEFENDER ("Office"), CARLOS GONZALEZ ("Gonzalez"), in his individual capacity, and COOK COUNTY, ILLINOIS ("County") as indemnitor (collectively hereinafter, "Defendants").

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 as these claims involve federal questions under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended ("Title VII").

2.   Supplemental jurisdiction exists over the Illinois Human Rights Act, Illinois Gender Violence Act, and Illinois Civil Rights Act pursuant to 28 U.S.C. § 1367 because the state law counts are so related to the other claims in this action as to form part of the same case or controversy.

3.   Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)

because the events and omissions giving rise to the claims herein have occurred, in whole or in part, in this judicial district.

4.    Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant does business here.

## ADMINISTRATIVE PREREQUISITES

5.    Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination based upon the factual allegations charged against Defendants in this Complaint and is currently awaiting a right-to-sue letter.

6.    Plaintiff requests a stay of the Title VII and Illinois Human Rights Act counts pending receipt of a right-to-sue letter. *See, e.g.*, *Palka v. City of Chicago*, 662 F.3d 428, 438 (7th Cir. 2011) (recognizing that parties may file suit and seek a stay of claims pending receipt of right-to-sue letters).

## PARTIES

7.    Plaintiff BAUMANN ("Plaintiff" or "Baumann") is an adult resident of Cook County, Illinois, and a current employee of Defendant Cook County Office of the Public Defender. At all relevant times, Plaintiff has held the job title of Grade III Assistant Public Defender, Felony Trial Division for the Defendant Office.

8.    Defendant LAW OFFICE OF THE COOK COUNTY PUBLIC DEFENDER ("Office") is a legal defense office where people who have cases pending in the Circuit Court of Cook County who are not financially able to pay for private legal representation can have the Public Defender appointed to provide legal services. At all relevant times, Defendant Office has employed both Plaintiff Baumann and Defendant Gonzalez.

9.    Defendant CARLOS GONZALEZ ("Gonzalez") is a legal adult employed by Defendant

Law Office of the Cook County Public Defender. At all relevant times, Defendant Gonzalez served as Plaintiff's Supervisor for Defendant Office.

10. Defendant COOK COUNTY, ILLINOIS ("County") is a unit of local government with indemnification obligations for wrongful acts committed by its officials. See 745 ILCS § 10/1-202 and § 9-102. It is sued in its capacity as indemnitor only.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff Baumann began employment for Defendant Office in 1997, and she has been employed there ever since.

12. Plaintiff Baumann started working at the Defendant's Bridgeview Office location right before the COVID-19 Pandemic, and she has been working at this location ever since.

13. About a year and a half ago, Defendant Gonzalez was transferred to the Defendant's Bridgeview Office location to serve as a supervisor. At all times relevant, Defendant Gonzalez was Plaintiff Baumann's direct Supervisor for Defendant Office.

14. In or about October 2021, Plaintiff began experiencing gender discrimination (female) and sexual harassment from her immediate supervisor Gonzalez that was at all times unwelcome.

15. Plaintiff has suffered harassment by her supervisor Gonzalez in at least the following ways:

        a. Physical come-ons;

        b. Verbal come-ons;

        c. Stares;

        d. Requests for dates;

        e. Unwelcome compliments;

        f. Physical transgressions into Plaintiff's personal space without consent;

g.  Unwelcome and unwanted touching;

h.  Requests for hugs;

i.  Attempted hugs;

j.  Actual hugs;

k.  Numerous and extended visits to Plaintiff's office to "chat;"

l.  Efforts to walk Plaintiff to her car after work, oftentimes brushing up against her whilst they walked;

m.  Comments by Officer Gonzalez that he was attracted to Plaintiff;

n.  Comments by Officer Gonzalez that he was unhappy and lonely in his marriage; and,

o.  Numerous text messages from Officer Gonzalez sent to Plaintiff after work hours- early in the morning and late at night.

16. At all times relevant, Supervisor Gonzalez had authority to assign Plaintiff to cases, transfer her, discipline her, and affect her terms and conditions of employment.

17. Defendants did not subject male persons to similar conduct, including continued offensive flirtatious gestures by Defendant Gonzalez.

18. Gonzalez also made numerous unwelcome text comments to Plaintiff in at least the following ways:

a.  He was sad that he couldn't talk with or spend time with her anymore;

b.  She should get out of the Defendant's Bridgeview office location;

c.  She should go wherever he goes so they can be at work together.

19. At all times, Gonzalez's behavior was unwelcome to Plaintiff and caused her great

consternation because he was a in supervisory position to Plaintiff and she felt powerless to stop his predation.

20. As a result of Gonzalez's continuous and unwanted attacks, Plaintiff went to a psychiatrist to express why she was feeling sick, throwing up, and continuously shaking regarding these incidents.

### COUNT 1: 42 U.S.C. § 1983 DEPRIVATION OF 14th AMENDMENT EQUAL PROTECTION BASED UPON SEXUAL HARASSMENT
(Plaintiff v. Defendant Gonzalez)

21. The Plaintiff realleges each Paragraphs 1 through 20 of this Complaint as if fully restated here.

22. The Fourteenth Amendment to the United States Constitution provides that, "…No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws…" U.S. Const. amend. XIV.

23. The Supreme Court of the United States has recognized that, "[g]ender is a protected class under the Equal Protection Clause, and claims of gender discrimination are subject to intermediate scrutiny." *See Mississippi University for Women v. Hogan*, 458 U.S. 718, 102 S.Ct. 3331, 73 L.Ed.2d 1090 (1982).

24. At all times relevant, Defendant Gonzalez acted under color of law as the Supervisor at the Defendant Office's Bridgeview location.

25. At all times relevant, Defendant Gonzalez had authority to assign Plaintiff to cases, transfer her, discipline her, evaluate her, monitor her, and affect her terms and conditions of employment.

26. In or about October 2021, Plaintiff began experiencing sexual harassment from her immediate supervisor Gonzalez that was at all times unwelcome.

27. Plaintiff has suffered harassment by her supervisor Gonzalez in at least the following ways:

      a.  Physical come-ons;

      b.  Verbal come-ons;

      c.  Stares;

      d.  Requests for dates;

      e.  Unwelcome compliments;

      f.  Physical transgressions into Plaintiff's personal space without consent;

      g.  Unwelcome and unwanted touching;

      h.  Requests for hugs;

      i.  Attempted hugs;

      j.  Actual hugs;

      k.  Numerous and extended visits to Plaintiff's office to "chat;"

      l.  Efforts to walk Plaintiff to her car after work, oftentimes brushing up against her whilst they walked;

      m.  Comments by Officer Gonzalez that he was attracted to Plaintiff;

      n.  Comments by Officer Gonzalez that he was unhappy and lonely in his marriage; and,

      o.  Numerous text messages from Officer Gonzalez sent to Plaintiff after work hours- early in the morning and late at night.

28. Defendants did not subject male persons to similar conduct, including continued offensive flirtatious gestures by Defendant Gonzalez.

29. Defendant also sent numerous unwanted text messages to Plaintiff, commenting to Plaintiff in at least the following ways:

      a.   He was sad that he couldn't talk with or spend time with her anymore;

      b.   She should get out of the Defendant's Bridgeview office location; and,

      c.   She should go wherever he goes so they can be at work together.

30. The harassment was so severe and pervasive, that it altered the terms and conditions of Plaintiff's employment and subjected Plaintiff to a hostile work environment based upon her gender (female).

31. Plaintiff was at all times afraid of Defendant Gonzales' behavior because she was afraid of possible retaliation and humiliation.

32. At no time did Defendant Public Defender take prompt remedial action to stop the discriminatory and harassing acts towards the Plaintiff.

33. As a direct and proximate cause of the foregoing gender discrimination, Plaintiff has been damaged at least in that she has suffered from anxiety, depression, humiliation, psychological injury, and emotional distress.

34. Plaintiff's damages include psychological injury for which she has sought psychiatric treatment and therapy.

35. As a direct and proximate cause of the foregoing gender discrimination (female), Plaintiff has suffered gender discrimination and sexual harassment within the meaning of the Fourteenth Amendment to the United States Constitution regarding Equal Protection.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendants, and enter and order all available relief, including compensatory damages, injunctive and declaratory relief, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and such other relief as this Court deems just and proper.

## COUNT 2: TITLE VII DISCRIMINATION BASED ON SEXUAL HARASSMENT (REQUEST TO START PENDING RECEIPT OF A RIGHT-TO-SUE LETTER)
(Plaintiff v. Defendant Office of the Cook County Public Defender)

36. The Plaintiff realleges each Paragraphs 1 through 20 of this Complaint as if fully restated here.

37. In or about October 2021, Plaintiff began experiencing sexual harassment from her immediate supervisor Gonzalez that was at all times unwelcome.

38. Plaintiff has suffered harassment by her supervisor Gonzalez in at least the following ways:

    a. Physical come-ons;

    b. Verbal come-ons;

    c. Stares;

    d. Requests for dates;

    e. Unwelcome compliments;

    f. Physical transgressions into Plaintiff's personal space without consent;

    g. Unwelcome and unwanted touching;

    h. Requests for hugs;

    i. Attempted hugs;

    j. Actual hugs;

    k. Numerous and extended visits to Plaintiff's office to "chat;"

l.  Efforts to walk Plaintiff to her car after work, oftentimes brushing up against her whilst they walked;

m.  Comments by Officer Gonzalez that he was attracted to Plaintiff;

n.  Comments by Officer Gonzalez that he was unhappy and lonely in his marriage; and,

o.  Numerous text messages from Officer Gonzalez sent to Plaintiff after work hours- early in the morning and late at night.

39. Defendants did not subject male persons to similar conduct, including continued offensive flirtatious gestures by Defendant Gonzalez.

40. Gonzales also sent numerous unwanted, personal text messages to Plaintiff, including at least the following:

a.  He was sad that he couldn't talk with or spend time with her anymore;

b.  She should get out of the Defendant's Bridgeview office location; and,

c.  She should go wherever he goes so they can be at work together.

41. The harassment was so severe and pervasive, that it altered the terms and conditions of Plaintiff's employment and subjected Plaintiff to a hostile work environment based upon her gender (female).

42. Plaintiff was afraid of Defendant Gonzalez's behavior because she was afraid of possible retaliation and humiliation.

43. At no time did Defendant Office take prompt remedial action to stop the discriminatory and harassing acts towards the Plaintiff.

44. As a direct and proximate cause of the foregoing gender discrimination, Plaintiff has been

damaged at least in that she has suffered from anxiety, depression, humiliation, psychological injury, and emotional distress.

45. Plaintiff's damages include psychological injury for which she has sought psychiatric treatment and therapy.

46. As a direct and proximate cause of the foregoing sexual harassment, Plaintiff has suffered gender discrimination within the meaning of Title VII.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendants, and enter and order all available relief, including compensatory damages in an amount up to $300,000, injunctive and declaratory relief, reasonable attorneys' fees pursuant to Title VII, costs, and such other relief as this Court deems just and proper.

## COUNT 3: ILLINOIS HUMAN RIGHTS ACT SEXUAL HARASSMENT (REQUEST TO STAY PENDING RECEIPT OF A RIGHT-TO-SUE LETTER)
(Plaintiff v. Defendants Office of the Cook County Public Defender and Gonzalez)

47. The Plaintiff realleges each Paragraphs 1 through 20 of this Complaint as if fully restated here.

48. In or about October 2021, Plaintiff began experiencing sexual harassment from her immediate supervisor Gonzalez that was at all times unwelcome.

49. Plaintiff has suffered harassment by her supervisor Gonzalez in at least the following ways:

      a.  Physical come-ons;

      b.  Verbal come-ons;

      c.  Stares;

      d.  Requests for dates;

e.  Unwelcome compliments;

f.  Physical transgressions into Plaintiff's personal space without consent;

g.  Unwelcome and unwanted touching;

h.  Requests for hugs;

i.  Attempted hugs;

j.  Actual hugs;

k.  Numerous and extended visits to Plaintiff's office to "chat;"

l.  Efforts to walk Plaintiff to her car after work, oftentimes brushing up against her whilst they walked;

m.  Comments by Officer Gonzalez that he was attracted to Plaintiff;

n.  Comments by Officer Gonzalez that he was unhappy and lonely in his marriage; and,

o.  Numerous text messages from Officer Gonzalez sent to Plaintiff after work hours- early in the morning and late at night.

50. Defendants did not subject male persons to similar conduct, including continued offensive flirtatious gestures by Defendant Gonzalez.

51. Gonzales also sent Plaintiff numerous unwanted text messages, including:

a.  He was sad that he couldn't talk with or spend time with her anymore;

b.  She should get out of the Defendant's Bridgeview office location; and,

c.  She should go wherever he goes so they can be at work together.

52. The sexual harassment and conduct of a sexual nature were severe or pervasive, altered the terms and conditions of Plaintiff's employment and subjected Plaintiff to a hostile work environment based upon her gender (female).

53. Plaintiff was afraid of Defendant Gonzalez's behavior because she was afraid of possible retaliation and humiliation.

54. At no time did Defendant Office of the Cook County Public Defender take prompt remedial action to stop the discriminatory and harassing acts towards the Plaintiff.

55. As a direct and proximate cause of the foregoing sexual harassment, Plaintiff has been damaged at least in that she has suffered from anxiety, depression, humiliation, psychological injury, and emotional distress.

56. Plaintiff's damages include psychological injury for which she has sought psychiatric treatment and therapy.

57. As a direct and proximate cause of the foregoing sexual harassment, Plaintiff has suffered sexual harassment within the meaning of the Illinois Human Rights Act.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendants, and enter and order all available relief, including compensatory damages in an amount up to $300,000, injunctive and declaratory relief, reasonable attorneys' fees, costs, and such other relief as this Court deems just and proper.

### COUNT 4: ILLINOIS CIVIL RIGHTS ACT VIOLATION
(Plaintiff v. Defendant Office of the Cook County Public Defender)

58. The Plaintiff realleges each Paragraphs 1 through 20 of this Complaint as if fully restated here.

59. The Illinois Civil Rights Act of 2003 provides that "[n]o unit of State, county, or local government in Illinois shall: (1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color, national origin, or gender . . ." 740 ILCS 23/5(a).

60. Such Act provides a private right of action to Plaintiff pursuant to 740 ILCS 23/5(b).

61. In or about October 2021, Plaintiff began experiencing sexual harassment from her immediate supervisor Gonzalez that was at all times unwelcome.

62. Plaintiff has suffered harassment by her supervisor Gonzalez in at least the following ways:

    a.  Physical come-ons;

    b.  Verbal come-ons;

    c.  Stares;

    d.  Requests for dates;

    e.  Unwelcome compliments;

    f.  Physical transgressions into Plaintiff's personal space without consent;

    g.  Unwelcome and unwanted touching;

    h.  Requests for hugs;

    i.  Attempted hugs;

    j.  Actual hugs;

    k.  Numerous and extended visits to Plaintiff's office to "chat;"

    l.  Efforts to walk Plaintiff to her car after work, oftentimes brushing up against her whilst they walked;

    m.  Comments by Officer Gonzalez that he was attracted to Plaintiff;

    n.  Comments by Officer Gonzalez that he was unhappy and lonely in his marriage; and,

    o.  Numerous text messages from Officer Gonzalez sent to Plaintiff after work hours- early in the morning and late at night.

63. Defendants did not subject male persons to similar conduct, including continued

offensive flirtatious gestures by Defendant Gonzalez.

64. Defendant Gonzalez also sent numerous unwanted text messages to Plaintiff, including:

    a.   He was sad that he couldn't talk with or spend time with her anymore;

    b.   She should get out of the Defendant's Bridgeview office location; and,

    c.   She should go wherever he goes so they can be at work together.

65. The harassment was so severe and pervasive, that it altered the terms and conditions of Plaintiff's employment and subjected Plaintiff to a hostile work environment based upon her gender (female).

66. Plaintiff was afraid of Defendant Gonzalez's behavior because she was afraid of possible retaliation and humiliation.

67. At no time did Defendant Office take prompt remedial action to stop the discriminatory and harassing acts towards the Plaintiff.

68. As a direct and proximate cause of the foregoing sexual harassment, Plaintiff has been damaged at least in that she has suffered from anxiety, depression, humiliation, psychological injury, and emotional distress.

69. Plaintiff's damages include psychological injury for which she has sought psychiatric treatment and therapy.

70. As a direct and proximate cause of the foregoing gender discrimination (female), Plaintiff has suffered gender discrimination within the meaning of the Illinois Civil Rights Act.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendants, and enter and order all available relief, including compensatory damages in an amount up to $300,000, and injunctive and declaratory relief, reasonable attorneys' fees, costs, and such other relief as this Court deems just and proper.

## COUNT 5: ILLINOIS GENDER VIOLENCE ACT VIOLATION, 740 ILCS 82/10
### (Plaintiff v. Defendant Gonzalez)

71. The Plaintiff realleges each Paragraphs 1 through 20 of this Complaint as if fully restated here.

72. The Illinois Gender Violence Act provides that "[a]ny person who has been subjected to gender-related violence as defined in section 5 [750 ILCS 82/5] may bring a civil action for damages, injunctive relief or other appropriate relief against a person or persons perpetrating that gender-related violence." 740 ILCS 82/10.

73. The Act defines gender-related violence as, *inter alia*, "[a] physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois. . ." 740 ILCS 82/5(1)-(2).

74. In or about October 2021, Plaintiff began experiencing sexual harassment from her immediate supervisor Gonzalez that was at all times unwelcome.

75. Plaintiff suffered harassment by her supervisor Gonzalez in the form of physical come-ons, physical transgressions into her personal space, and actual hugs without her consent and under coercive conditions.

76. Defendant Gonzales' actions constituted acts of gender-related violence within the meaning of the Illinois Gender Violence Act. *See* 740 ILCS 82/10.

77. The harassment was so severe and pervasive, that it altered the terms and conditions of Plaintiff's employment and subjected Plaintiff to a hostile work environment based upon her gender (female).

78. Plaintiff was afraid of Defendant Gonzalez's behavior because she was afraid of possible retaliation and humiliation.

79. At no time did Defendant Office take prompt remedial action to stop the discriminatory

and harassing acts towards the Plaintiff.

80. As a direct and proximate cause of the foregoing sexual harassment, Plaintiff has been damaged at least in that she has suffered from anxiety, depression, humiliation, psychological injury, and emotional distress.

81. Plaintiff's damages include psychological injury for which she has sought psychiatric treatment and therapy.

82. As a direct and proximate cause of the foregoing gender discrimination (female), Plaintiff has suffered gender discrimination within the meaning of the Illinois Gender Violence Act.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendants, and enter and order all available relief, including compensatory damages in an amount to be determined by a jury, injunctive and declaratory relief, reasonable attorneys' fees, costs, and such other relief as this Court deems just and proper.

## COUNT 6: INDEMNIFICATION
(Plaintiff v. Cook County, Illinois)

83. Illinois statute provides that a local public entity such as Cook County, Illinois is obligated to assume financial responsibility for the actions committed by its officials or employees. *See* 745 ILCS §§ 10/1-202, 10/2-302, and 10/9-102.

84. Defendant Cook County, Illinois is obligated to assume such financial responsibility for the other Defendants hereto.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order directing Cook County, Illinois to pay, indemnify, and assume financial responsibility for the actions and/or omissions committed by Defendants for the harms they caused to Plaintiff alleged herein.

## CONCLUSION

Based on the foregoing, Plaintiff pray that this Honorable Court grant the relief sought in all Counts in this Complaint.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS**

Respectfully submitted,

**CYNTHIA BAUMANN**

*/s/ Cass T. Casper*
By:_____
                    Cass T. Casper, Esq.
                    Her Attorney

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com