UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA BAUMANN, ) | |
|         Plaintiff, ) | Case No.: 23 cv 435 |
| ) | |
|      v. ) | Judge Edmond E. Chang |
| ) | |
| LAW OFFICE OF THE COOK COUNTY ) | Magistrate M. David Weisman |
| PUBLIC DEFENDER, CARLOS GONZALEZ, ) | |
| in his individual capacity, and COOK COUNTY, ) | |
| ILLINOIS, as indemnitor, ANGELA ) | |
| KILPATRICK, in her individual capacity, ) | |
| CRYSTAL GRAY, in her individual capacity ) | |
| and ABIGAIL CLOUGH, in her individual ) | |
| capacity, ) | |
| ) | |
|         Defendants. ) | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PRODUCE HER
CELL PHONE FOR FORENSIC IMAGING**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 6(b) and 37, and Northern District of Illinois Local Rule 37.2, Defendants Law Office of the Cook County Public Defender and Cook County (collectively "Defendants") move this Honorable Court to overrule Plaintiff's Objection to their Request for Production No. 18, order Plaintiff to supplement her answer to this Request and to compel Plaintiff to produce her personal cellular phone for forensic imaging (but no search at this time). In support of this Motion, Defendants state as follows:

**INTRODUCTION AND PROCEDURAL HISTORY**

1.    In summary, this Motion requests that Plaintiff's objections to Request for Production 18 be overruled and that she be compelled to turn over her personal cellular phone(s) and any other electronic device for forensic imaging by law enforcement personnel to preserve the data it contains which is presently, and may become, relevant to the claims and defenses in this case. Defendants also request an order compelling Plaintiff to

supplement her answer to Request 18 and identify any other electronic devices she used to communicate about the allegations contained in the Second Amended Complaint. As discussed below, this Motion is supported by the law because the phone contains numerous pieces of data relevant to the claims in this case, it is unclear what steps Plaintiff and her counsel have taken to preserve the cellular phone since this case was filed, this request is proportionate to the needs of the case and none of Parties have the technical expertise to perform this task.

2. On August 8, 2023, Plaintiff, an Assistant Public Defender, filed her 148-paragraph Second Amended Complaint ("Complaint") against Defendants. Docket Entry No. ("Dkt.") 37. Counts I-V of the Complaint generally allege that Plaintiff was sexually harassed by Gonzalez. Dkt. 37 ¶¶ 1-135. The allegations supporting these Counts recite numerous text messages between Plaintiff and Co-Defendant Gonzalez from their personal cellular phones. Dkt. 37 ¶¶ 24, 27, 29, 30, 32.

3. Counts VI alleges that Defendant Clough violated Plaintiff's First Amended Rights by excluding her from an unofficial Facebook Group operated by and for Assistant Public Defenders. Dkt. 37 ¶¶ 36-48; 136-145. Count VII alleges that Defendants Kilpatrick and Gray violated Plaintiff's Due Process and Privacy Rights by disclosing her private medical information (in some unspecified manner). Dkt. 37 ¶¶ 146-148. Discovery had been stayed as to the Counts VI and VII and was recently stayed entirely, with the exception of Defendants' Request 18. Dkts. 40 and 81.

4. Plaintiff's Motion to File a Third Amended Complaint and Defendants' Motion to Disqualify Plaintiff's Counsel are fully briefed and pending ruling before the District Court Judge. Once the Court rules on the Motion to Amend, Defendants will move

to dismiss certain counts of the Second or Third Amended Complaint. As a result, the contours of issues and factual disputes of this case are not presently known. It is also not known whether Plaintiff will have a different counsel during the case.

5. The parties exchanged and answered written discovery. Defendants are in the process of reviewing Plaintiff's answers. Important to this motion is Plaintiff's answer to Document Request No. 18:

> 18. Produce your cellular phone, personal laptop (if applicable) and any other device(s) reflecting any communications relating to the allegations in the Complaint in any way to be imaged and housed by vendor the Parties mutually agree upon. (*n.b.* This request is made solely to preserve the date contained in these devices. The vendor will preserve and house the images of these devices without sharing them until the Parties have agreed upon parameters. Plaintiff's counsel is requested to reach out to the undersigned Defense counsel to coordinate this retrieval with the vendor.).
>
> RESPONSE: Plaintiff objects to this request as unreasonably intrusive and not justified by the needs of the case. Plaintiff will produce text messages and call logs on refinement of this request in Rule 37 discussions, including with requested sender, recipient, subject matter, and date range.

6. Importantly, Request No. 18 *only* requests Plaintiff to preserve her cell phone, personal laptop and other devices by producing it to be imaged[1] by a forensic expert in law enforcement. Request 18 does not seek production of text messages, Facebook messages and so forth—it seeks to preserve the various types of data contained on the cellular phone or other devices. *See* generally, https://www.reuters.com/legal/legalindustry/preserving-collecting-mobile-device-data-2022-06-30/ (discussing the various data present on mobile devices).

7. Co-Defendant Gonzalez[2] agreed to voluntarily produce his personal cellular

---

[1] "A forensic image is an exact copy of an entire physical storage media…including all active and residual data and unallocated or slack space on the media." *Pable v. Chi. Transit Auth.*, 2023 U.S. Dist. LEXIS *28 FN 7 (N.D. Ill.)

[2] Counsel for Co-Defendant Gonzalez has advised that they take no position on this Motion.

3

phone for imaging and preservation and is presently working to effectuate the imaging of his device.

8. Plaintiff's document production contains what appear to be text messages between Plaintiff and Co-Defendant Gonzalez between December 3, 2020 and July 24, 2022. Plaintiff 000290-00360. These documents contain a footer stating "Exported from Iphone (serial number omitted) on May 23, 2023, 6:29 p.m. with IMazing by DigiDNA. Database date when extracted: 5/23/23, 6:21 p.m."

9. Plaintiff's counsel assured Defendants' Counsels that the production of text messages between her and co-Defendants' was complete. However, in the absence of Co-Defendant Gonzalez's corresponding text messages, Plaintiff's assurance cannot be verified at the present time. *See* https://www.businessinsider.com/guides/tech/how-to-delete-messages-on-iphone (discussing how individual text messages in a chain can be easily deleted; also discussing phone settings which automatically delete text messages after a period of time).

10. On November 14, 2023, Defendants' Counsel emailed Plaintiff's counsel to alert him that he planned to address Plaintiff's objection to Request No. 18 at the court hearing the next day. Plaintiff's counsel acknowledged receipt of this email.

11. At the November 15, 2023 court hearing, Plaintiff's counsel stated he would not recommend his client produce her cell phone. After some discussion, the Court directed the Parties to hold a Local Rule 37.2 Conference and set a briefing schedule on Defendants' Motion to Compel.

**DEFENDANTS' COMPLIANCE WITH RULE 37 AND LOCAL RULE 37.2**

12. After the court hearing, Defendants continued their efforts to obtain Plaintif's compliance pursuant to the FRCP and N.D. Ill. Local Rule 37.

4

13. On November 15, 2023, Plaintiff's counsel sent an email asking a series of questions concerning the imaging process, which Defendants' Counsel responded to on November 17, 2023. Plaintiff's counsel sent a few emails over the weekend and on November 20, 2023, which Defendants' Counsels advised they would address at their Local Rule 37.2 Conference later that day. (Copies of all emails and correspondence exchanged concerning this motion are appended as Group Exhibit A.)

14. On November 20, 2023, the Parties had a telephonic conference at 3:00 p.m. where each side discussed their positions and concerns for approximately 45 minutes. Defendants' Counsels explained that without a forensic imaging of Plaintiff's cellular phone, data relevant to the Complaint could be lost.

15. Despite not knowing which claims will be at issue in the case given the pending motion to amend the complaint and the upcoming motion to dismiss, during Plaintiff's counsel repeatedly sought explanation of the types of files Defendants would need from Plaintiff's cellular phone. Defendants' Counsels explained their concerns about Plaintiff's production of what appears to be text messages between her and Co-Defendant Gonzalez. When repeatedly pressed on what more Defendants' counsel could want from Plaintiff's cellular phone, the Parties discussed other text messages not produced involving or mentioning Gonzalez as well as texts between Plaintiff and the individual Defendants beyond Gonzalez. Further, Defense counsel also stated that other text messages, social media posts, emails discussing Plaintiff's quality and enjoyment of life prior and subsequent to the harassment and discrimination she alleges are also highly relevant to her alleged mental pain and suffering and damages.

16. Defense Counsels further explained that other files, data and metadata on the

5

cellular phone is relevant such as voicemails, audio recordings, photos, screen captures, call logs, media files, notes and so forth. Defendants' Counsels also answered questions concerning the logistics of the imaging and about the forensic expert in law enforcement who Defendants' identified to do this work at no cost. Defendants' Counsels also explained that a federal law enforcement agent would secure the forensic image of Plaintiff's phone in a virtual vault in their laboratory until further order of Court without performing any search.

17. While attempting to respond to all of Plaintiff's counsel's requests and inquiries, throughout this (and all subsequent) conversations, Defendants' Counsels repeatedly reminded Plaintiff's Counsel that their Request was to solely to create a forensic image of Plaintiff's cellular phone to perform a limited forensic examination at a future date after the Parties had agreed upon search parameters and an appropriate protocol, should that search become necessary. When asked if Plaintiff was preserving her cellular phone, her counsel stated that as Plaintiff is a lawyer, she is aware of her obligations to preserve evidence. Defendants' Counsels expressed concerns that without preemptive steps and/or a forensic image of her phone, files, data and metadata relevant to all Parties' claims would likely be automatically deleted. It is also not clear whether Plaintiff has any other electronic devices containing ESI relevant to the Second Amended Complaint and responsive to Request 18.

18. Defendants' Counsels asked Plaintiff's Counsel several times if he or anyone at his firm had the expertise to extract and preserve each of the different types of data and metadata outlined contained on Plaintiff's cellular phone. First, Plaintiff's Counsel admitted that no one at his firm had this expertise. Second, he stated that co-counsel on this case had that expertise, as shown by the extraction she performed to obtain and produce the text

6

messages between Plaintiff and co-Defendant Gonzalez.[3] Third, Plaintiff's Counsel stated he did not know whether anyone at his firm had the expertise to extract the information discussed from Plaintiff's cell phone.

19. At the conclusion of the conversation, Plaintiff's Counsel said he would advise on his position within 24 hours. At the end of the day on November 21, 2023, Plaintiff's Counsel emailed stating he had prepared a long letter which he would send on November 22, 2023. Mid-day on November 23, 2023, after still not receiving a response from Plaintiff's counsel, Defense counsel emailed offering to orally discuss Plaintiff's concerns that day given the Thanksgiving holiday and upcoming deadline to file the motion.

20. At 1:34 p.m. on November 22, 2023, Plaintiff sent an 11-page letter containing numerous inaccuracies and generally offering to extract certain items from Plaintiff's cellular phone but did not agree to image her phone. In the spirit of FRCP and Local Rule 37, Defendants' Counsels continued to engage with Plaintiff by email and offered to have subsequent conversations with Plaintiff.

21. Despite Defendants' good-faith efforts, the Parties were unable to reach an agreement regarding Request No. 18.

## APPLICABLE RULES AND LAW

22. FRCP 26(b) permits discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the importance of discovery in resolving the issues and

---

[3] When asked to explain how this extraction was performed or whether the software previously used could also search for key words in text messages (rather than simply extracting messages between certain individuals), Plaintiff's counsel stated he did not know. Plaintiff's counsel has provided no information about this extraction tool used to date, instead insisting the Parties can manually search Plaintiff's cellular phone with key words using the search functionality imbedded in all iPhones. However, manually searching Plaintiff's cellular phone for texts, messages, notes, voicemails and so forth about emotional distress and harm Plaintiff allegedly suffered would be ineffective because of the wide arrange of verbiage used in normal parlance discussing mental health.

whether the burden or expense of the proposed discovery outweighs its likely benefit.

23. FRCP 34(a) provides a party may: "serve on any other party a request within the scope of FRCP 26(b) to produce and permit the requesting party . . . to inspect, copy, test, or sample . . . any designated documents or electronically stored information."

24. Furthermore, "[w]hen party fails to serve objections to document requests within time required, in absence of good cause or of extension of time to do so, party has generally waived right to raise objections later." *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 1999 U.S. Dist. LEXIS 10817 (E.D. Pa. 1999); *Boyd v. Lazer Spot, Inc.*, 2022 U.S. Dist. LEXIS 131242 *6 (N.D. Ill.).

25. Under FRCP 26 and 34, when analyzing requests to image cellular phones, "the question is whether the phone contains 'non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Est. of Loury v. City of Chicago*, 2017 U.S. Dist. LEXIS 232931, *5-6 (N.D. Ill.). The proportionality analysis must take into consideration the privacy interest of the owner in the contents of the cellular phone. *See, e.g., Pable v. Chi. Transit Auth.,* 2021 U.S. Dist. LEXIS 202504 **6-7 (N.D. Ill.); *Am. Kitchen Delights, Inc. v. City of Harvey*, 2023 U.S. Dist. LEXIS 148061 **9-11 (N.D. Ill.).

26. In considering a motion to compel, "[t]he moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by FRCP 26(b)(1). *West v. Miller*, 2006 U.S. Dist. LEXIS 56243 **6-7 (N.D. Ill); Lux *Global Label Co., LLC v. Shacklett*, 2020 U.S. Dist. LEXIS 62200, *6 (E.D. Pa.). If the movant meets that burden, the burden shifts to the party opposing a motion to compel to demonstrate why the request does not fall within the scope of discovery contemplated by FRCP 26(b)(1) or is not

8

sufficiently relevant to justify the burden of producing the information." *Id., see also Crabtree v. Angie's List, Inc.*, 2017 U.S. Dist. LEXIS 12927 *2 (S.D. In.) *and Loughnane v. Zukowski*, 2019 U.S. Dist. LEXIS 239863 **19-21 (N.D. Ill.).

27. Forensic imaging of a personal cell phone can be warranted by the facts of the case. *See, e.g., Nguyen v. Hamilton Exhibits, LLC*, 2020 U.S. Dist. LEXIS 246948 **3-5 (S.D. In.) (forensic imaging of cell phone warranted to determine date a photograph was taken). Forensic imaging may also be appropriate where, as here, the owner of the device unilaterally extracts data without seeking "input or agreement regarding the protocol for imaging." *Pable v. Chi. Transit Auth.*, 2021 U.S. Dist. LEXIS 202504 * 7 (N.D. Ill); *Pable v. Chi. Transit Auth.,* 2023 U.S. Dist. LEXIS 34833 * 33 (N.D. Ill).

28. Forensic examinations of cellular devices are warranted generally where there is concealment of information <u>or</u> when the Parties "lack[] expertise necessary to search and retrieve all relevant data." *Pable*, 2021 U.S. Dist. LEXIS 202504 *6 (emphasis supplied); *Estate of Eric Jack Logan v. City of S. Bend*, 2021 U.S. Dist. LEXIS 20956 * 9-13 (N.D. In.)

29. Courts granting requests for personal electronic devices to be forensically imaged limit forensic examinations of personal cellular devices to be proportionate to the needs of the case. *Estate of Logan*, 2021 U.S. Dist. LEXIS 20956 ** 9-13 (N.D. In.); *see also Benzion v. Vivint, Inc.*, 2013 U.S. Dist. LEXIS 201766 ** 3-4 (S.D. Fla.)(a forensic examination to determine if the plaintiff had given previous consent to receive texts); *Thielen v. Buongiorno USA, Inc.*, 2007 U.S. Dist. LEXIS 8998 **2-3 (W.D. Mi.)(forensic examination limited to a two-week period and to images of Plaintiff accessing advertising by defendant).

**ARGUMENT**

30. The law and facts of this case support overruling Plaintiff's objections to

Request No. 18 and order her to immediately turn over her cell phone for forensic imaging to preserve all data it contains.

### A. Plaintiff's Objections to Request 18 should be overruled.

31. Plaintiff's written objection to Request 18 states the Request is "unreasonably intrusive and not justified by the needs of the case" without providing any written, factual support or explanation for this objection. *See* FRCP 34(b)(2) (requiring specificity in objections) and *Loughnane*, 2019 U.S. Dist. LEXIS 239863 **13-24 (discussing the impropriety of general objections like this to discovery requests). Plaintiff's counsel does not assert that Plaintiff's cellular phone does not contain relevant information to many of the claims of this case. He also did not assert in the objection nor in the phone conversation that the information on Plaintiff's cell phone was non-discoverable under FRCP 26 and 34. As Defendants easily satisfy these requirements, the burden shifts to Plaintiff to explain how obtaining a forensic image (without any search at this time) is not proportionate to the needs in this case.

### B. Request 18 is proportionate to the needs of the case.

32. Obtaining a forensic image of Plaintiff's cell phone to preserve all data it contains is proportionate to the needs of the case. As outlined above, the allegations in the Compliant implicate numerous, different types of ESI contained on Plaintiff's phone. The Parties do not presently know the precise contours of what factual disputes will be at issue in this case. The imaging will be done at no financial costs to either Party. The process to obtain the image will take approximately 24 hours during the work week, which can be scheduled at a time that be minimally disruptive to Plaintiff. Plaintiff is not presently working for Defendant Public Defender and, upon information and belief, is believed to not be working elsewhere,

thusly mitigating her need for the phone for this brief period.

33. Moreover, the security measures implemented by the federal law enforcement agent who will perform the extraction of the image are appropriate and sufficiently protect Plaintiff's privacy interests. Although Plaintiff certainly has a privacy interest in the contents of her personal cellular phone, that concern is obviated because the device will only be imaged, not searched at the present time. The image will also not be turned released without further order of Court. Additionally, any concerns about Plaintiff's personal information she considers unrelated to this case are already addressed by the Agreed Protective Order entered in this case (Dkt. 68). Defendants are open to exploring a supplement or revision with Plaintiff to address any additional concerns he or his client may have. Plaintiff's privacy interests must yield to the needs of the Parties to preserve it in order that all Parties may have full discovery on all issues.

**C. Forensic imaging is also warranted because no Party has the expertise to complete this task.**

34. Lastly, as the cases cited above make clear, ordering the forensic imaging of Plaintiff's phone is warranted because neither Party has the expertise to obtain all data which is, or may become, relevant to Plaintiff's claims and the Defendants' defenses. Even though Plaintiff's counsel states they have limited expertise to extract certain information from Plaintiff's cellular phone, they do not purport to have expertise in performing such extractions and have offered few details about how they intend to do so. Plaintiff also does not contend they have the expertise to image or preserve the device, which is the heart of Request 18.

WHEREFORE, Defendants request an order overruling Plaintiff's objections to Request 18, compelling Plaintiff to supplement her answer identifying any other devices containing ESI request, including identifying any electronic device or relevant ESI is no longer in her possession, custody, or control; and then produce for imaging her personal cell phone(s) and/or

11

other electronic devices used by Plaintiff during the relevant time period – January 2020 through the present date, and further directing Plaintiff to provide the login and password information needed to access her electronic device(s) and accounts, including, but not limited to, her log in and password.

DATED: December 1, 2023

                                          Respectfully submitted,

                                          By: /s/ Charles T. Little
                                          Charles T. Little
                                          Rebecca Gest
                                          Cook County State's Attorney's Office
                                          50 W. Washington St., Ste. 500
                                          Chicago, Illinois 60602
                                          (312) 603.7202/603-3373
                                          Rebecca.Gest@cookcountyil.gov
                                          Charles.Little@cookcountyil.gov