## Charles Little

| | |
|---|---|
| **From:** | Charles Little (States Attorney) |
| **Sent:** | Tuesday, November 14, 2023 2:47 PM |
| **To:** | Cass Casper |
| **Cc:** | REBECCA GEST (States Attorney); Miguel Larios (States Attorney) |
| **Subject:** | RE: Bauman |

In case your client asks for more information: there is a federal agent detailed in the ASA's office who would do the extraction. The agent would need either a court order or a signed consent form to do the search. He says that if passcodes/passwords are provided he's usually able to complete tasks like this in around 24 hours and return the phone in that time frame. He is physically located in a federal building in the loop (mentioning this for pick up and drop off purposes). I'm happy to receive the phone and walk it down to him myself but I can also enlist a Sheriff's Deputy to perform this delivery if that would make you or your client feel more comfortable.



**Charles T. Little**
Assistant State's Attorney
Civil Actions Bureau – Labor and Employment
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
P: 312.603.3373   E: charles.little@cookcountyil.gov

This communication is private and confidential and may be subject to attorney-client and/or work product privileges. If you have received this message in error, please notify the sender and remove it from your system.

---

**From:** Cass Casper <ccasper@dispartilaw.com>
**Sent:** Tuesday, November 14, 2023 2:10 PM
**To:** Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>
**Cc:** REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>
**Subject:** RE: Bauman

### External Message Disclaimer

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Agree on NW records, will have her sign. Let me think on the phone issue and circle back.

**Cass T. Casper, Esq.**
Labor and Employment Attorney



**Ph:** 312-506-5511 ext. 331

**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
www.DispartiLaw.com

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

**From:** Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>
**Sent:** Tuesday, November 14, 2023 1:54 PM
**To:** Cass Casper <ccasper@dispartilaw.com>
**Cc:** REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>
**Subject:** RE: Bauman

CAUTION: This email is a recipient that is outside of the organization.

Cass,

Adding in Rebecca for her awareness.

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████

I'm still making my way through your discovery responses so I'm not ready to have a Rule 37 conference yet, but one glaring issue I wanted to raise now (in hopes we can discuss it with the magistrate tomorrow) is your objection to turn over her cell phone. I appreciate that you've provided some text messages, but I don't have a way of confirming that these are complete. Given the risks of deletion, destruction and so forth, and because much of the alleged conduct occurred via text, I do think it is prudent to image both cell phones sooner rather than later. The request at this point is simply that your client turn over her phone to be imaged and held by our Investigative Unit so that it is preserved. Then you, I and Miguel can work out the parameters of any searches, seeking judicial intervention if we cannot agree to search terms. Let me know if you'd like to discuss this further today ahead of our court appearance tomorrow.



**Charles T. Little**
Assistant State's Attorney
Civil Actions Bureau – Labor and Employment
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
P: 312.603.3373    E: charles.little@cookcountyil.gov

## Charles Little (States Attorney)

| | |
|---|---|
| **From:** | Charles Little (States Attorney) |
| **Sent:** | Wednesday, November 15, 2023 2:28 PM |
| **To:** | Cass Casper; Miguel Larios (States Attorney) |
| **Cc:** | Gia Scatchell; REBECCA GEST (States Attorney) |
| **Subject:** | RE: Phone Imaging Rule 37 |

Cass,

Thanks for your email. I need to check in with the investigator who would be doing the extraction before responding to a few of these questions. Are you free to talk through these concerns with us this coming Monday at 3 or 330pm? Again, it was nice to meet you in court today for the first time.



**Charles T. Little**
Assistant State's Attorney
Civil Actions Bureau – Labor and Employment
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
P: 312.603.3373    E: charles.little@cookcountyil.gov

This communication is private and confidential and may be subject to attorney-client and/or work product privileges. If you have received this message in error, please notify the sender and remove it from your system.

**From:** Cass Casper <ccasper@dispartilaw.com>
**Sent:** Wednesday, November 15, 2023 11:47 AM
**To:** Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Cc:** Gia Scatchell <gia@dispartilaw.com>
**Subject:** Phone Imaging Rule 37

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Counsel:

Pursuant to Rule 37.2, we'd like to continue discussions about this issue in the hope of avoiding motion practice. We do oppose a "blanket" imagining of my client's phone on the ground that it would constitute a fishing expedition. I iterate the following stringcite as a legal basis. "The legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 224 (N.D. Ill. 1997). The Seventh Circuit has often said that discovery may not be used as a

fishing expedition or to impose unreasonable discovery expenses on the opposing party. *Sirazi v. Panda Express, Inc.*, No. 08 C 2345, 2009 WL 4232692, at *4 (N.D. No. 24, 2009) (citing *E.E.O.C. v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971-72 (7th Cir. 1996)). This Interrogatory is intrusive and the benefit of responding (if any), outweighs the intrusion imposed upon Defendant. "The discovery rules are not a ticket. . .to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Jackson v. N' Genuity Enterprises Co.*, No. 09 C 6010, 2010 WL 4928912, at *1 (N.D. Ill. Nov. 29, 2010) (citing *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055 at *2 (N.D. Ill. 1994)). "Parties are entitled to a reasonable opportunity to investigate the facts – and no more."

That being said, we are open to the following:

(1) Imaging of the Bauman-Gonzalez text chain without limitation;

(2) If you can identify with reasonable particularity what other evidence you want to preserve from her phone, we are happy to discuss whether to also allowing imagine of such matter. In other words, try to identify what you are seeking, and we are open to also allowing imagining of it; however, my client and I would first discuss our position about it after you identify it, and then advise if we would agree or disagree.

(3) Bauman's and/or counsel would be able to attend while the imaging is done to witness it;

(4) Bauman would not lose possession of her phone for more than a reasonable period of time – here, I need your input, how long does this take? We would want her to get her phone back within couple hours or so.

(5) We need to discuss how to deal with attorney-client conversations from her phone, because, for example, I and my colleague have texts that would be covered by it that, for certain, should not be produced.

(6) Where is the imagining stored, and what is the procedure to ensure no more of the imaged material is produced to counsel than we agree upon in these discussions?

(7) What happens to the imaging at the conclusion of the litigation?

If we have can have a framework developed along these lines, I am sure we work this out, so please advise.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

**DISPARTI** Law Group
**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

## Charles Little (States Attorney)

**From:** Charles Little (States Attorney)
**Sent:** Friday, November 17, 2023 3:32 PM
**To:** Cass Casper; Gia Scatchell
**Cc:** Miguel Larios (States Attorney); REBECCA GEST (States Attorney)
**Subject:** RE: Phone Imaging Rule 37

Cass & Gia,

Please see my responses below ahead of our 37.2 conversation set for this coming Monday at 3pm:



**Charles T. Little**
Assistant State's Attorney
Civil Actions Bureau – Labor and Employment
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
P: 312.603.3373    E: charles.little@cookcountyil.gov

This communication is private and confidential and may be subject to attorney-client and/or work product privileges. If you have received this message in error, please notify the sender and remove it from your system.

**From:** Cass Casper <ccasper@dispartilaw.com>
**Sent:** Wednesday, November 15, 2023 11:47 AM
**To:** Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Cc:** Gia Scatchell <gia@dispartilaw.com>
**Subject:** Phone Imaging Rule 37

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Counsel:

Pursuant to Rule 37.2, we'd like to continue discussions about this issue in the hope of avoiding motion practice. We do oppose a "blanket" imagining of my client's phone on the ground that it would constitute a fishing expedition. I iterate the following stringcite as a legal basis. "The legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 224 (N.D. Ill. 1997). The Seventh Circuit has often said that discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party. *Sirazi v. Panda Express, Inc.*, No. 08 C 2345, 2009 WL 4232692, at *4 (N.D. No. 24, 2009) (citing *E.E.O.C. v. Harvey L. Walner & Assocs.*, 91 F.3d

963, 971-72 (7th Cir. 1996)). This Interrogatory is intrusive and the benefit of responding (if any), outweighs the intrusion imposed upon Defendant. "The discovery rules are not a ticket. . .to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Jackson v. N' Genuity Enterprises Co.*, No. 09 C 6010, 2010 WL 4928912, at *1 (N.D. Ill. Nov. 29, 2010) (citing *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055 at *2 (N.D. Ill. 1994)). "Parties are entitled to a reasonable opportunity to investigate the facts – and no more."

I won't be responding to your legal arguments here at this time; there is no point in litigating this matter by email as there is a briefing schedule set on this motion. Given the high volume of text messages, data on the phones is highly relevant to the underlying claims in this case. The addition of other counts involving Facebook messaging heightens the relevance of the data on her cell phone. Mobile device data is volatile and changes constantly. An extraction done this morning will not match one done this afternoon. The request to image the cell phones now and sort out the parameters of the search later obviates this concern.

That being said, we are open to the following:

(1) Imaging of the Bauman-Gonzalez text chain without limitation; There is no way to perform only an extraction of this text chain according to the Technical Service Provider. I have no way of knowing whether your extraction is complete and full at this time. Again, at this time I'm only seeking to perform an imaging of her cell device; we can discuss the search parameters down the road for what's relevant and what's now. Off the cuff, this offer is also insufficient because we'd also want any text message where Gonzalez is mentioned, or your clients discusses her distress, text messages with the other named defendants (when those counts are no longer stayed) as well as text messages with the witnesses you identify in you responsive document and her union representative.

(2) If you can identify with reasonable particularity what other evidence you want to preserve from her phone, we are happy to discuss whether to also allowing imagine of such matter. In other words, try to identify what you are seeking, and we are open to also allowing imagining of it; however, my client and I would first discuss our position about it after you identify it, and then advise if we would agree or disagree. In addition to the aforementioned texts messages, we'd want any notes saved to her cell phone involving Gonzalez, distress, other witnesses, and the other named defendants. I'd want any photographs saved on her phone relating to the same. Emails from her personal account relating to the same. Texts about her mental distress generally. Metadata for all of the aforementioned. Facebook messages about any of the aforementioned. Any photos/memes ore text messages relating to the aforementioned categories. There are allegations involving music sent by Gonzalez, so I'd like want some limited data from her music provider (Spotify, Apple Music, Amazon). These are my off the cuff thoughts at this point in time, subject to change/addition/refinement in the future.

(3) Bauman's and/or counsel would be able to attend while the imaging is done to witness it; Civilians and non-law enforcement personnel are not permitted in the digital forensic lab; only sworn Law Enforcement Officers and the like are permitted in the lab. This is immutable.

(4) Bauman would not lose possession of her phone for more than a reasonable period of time – here, I need your input, how long does this take? We would want her to get her phone back within couple hours or so. As I said in a prior email ahead of the status hearing, 24 hours is the estimated time for completion.

(5) We need to discuss how to deal with attorney-client conversations from her phone, because, for example, I and my colleague have texts that would be covered by it that, for certain, should not be produced. As stated above, there is no way to exclude these text exchanges; the extraction is a full file system extraction, meaning all phone contents, databases and operating systems are present in the report produced. The Provider may be able to exclude those text messages after an extraction using a computer program, but he can't confirm that until he performs the extraction. Also, I don't have any privilege log from you concerning these text messages, so please produce that when you have a moment as the Provider will likely need it.

(6) Where is the imagining stored, and what is the procedure to ensure no more of the imaged material is produced to counsel than we agree upon in these discussions? The Provider can produce copies of the full extraction (which requires software to view) and/or a report which can be viewed on any laptop simultaneously to both parties.

(7) What happens to the imaging at the conclusion of the litigation? Digital evidence is not destroyed until the appeal period has expired. The original extraction will remain in the digital forensic lab until that time period.

If we have can have a framework developed along these lines, I am sure we work this out, so please advise.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
www.DispartiLaw.com

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

## Charles Little

| | |
|---|---|
| **From:** | Cass Casper <ccasper@dispartilaw.com> |
| **Sent:** | Sunday, November 19, 2023 6:27 AM |
| **To:** | Charles Little (States Attorney); Gia Scatchell |
| **Cc:** | Miguel Larios (States Attorney); REBECCA GEST (States Attorney) |
| **Subject:** | RE: Phone Imaging Rule 37 |

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

I don't see how these arguments your making don't change the practice of law entirely for every case. Have you been allowed image phones for any other cases? I mean, every case that alleges emotional distress, by your arguments below, imaging of the parties' phones should now be allowed. Further, most cases have text messages or some kind of social media/electronic data these days. I have never run into this request before in a single case. That doesn't mean it isn't done, of course, but I need to see some case law from you allowing this, because to me this just seems incredibly irregular, like a fishing expedition, and my client is interpreting this as another form of harassment in this case, along with the attempt to interfere with her chose attorney. Further, this sets a bad precedent between our offices – do you want me making this request in every case of the Sheriff's Defendants in cases, and other witnesses? If you were to get a ruling in your favor on this from Judge Weisman, certainly I'd start using it all the time in other cases. Further, if you're justified in this request, then why can't I insist on (1) Clough's, (2) Kilpatrick's, (3) Gray's and (4) Fransense's? See the problem here? I'm guessing one or all of these folks would be extremely bothered by an invasive request like this.

Second, can't you confirm the accuracy of the text chain with Gonzalez by cross-checking it against either Gonzalez' text chain and/or what Gonzalez says about it? If he were to say "the chain is incomplete," well that would certainly give you a basis to do this. And look, I'm totally in favor of allowing you to scan the Gonzalez text chain, anyway, but it just seems that Defendant is overreaching and not working within the discovery rules with this request. But I invite you to show me I'm wrong with case law that allows this sort of imagining in a case like this.

Third, there is nothing about the text chain with Gonzalez we did produce that looks incomplete. At a minimum, I think you have to go through it and point out where you suspect it is incomplete – to me, it looks complete, and my co-counsel downloaded it and we gave you the exact download.

As far as texts with other Defendants or witnesses, we can produce those, if that's what youre requesting. As far as emotional distress evidence, (i) we can download and produce any social medica account for the period Gonzalez was her supervisor to the present, (ii) we can do a search of her phone using custodians and search terms, as is the common method of ESI discovery, at least that I'm aware of.

As far as a witness not being present for an extraction, why can't a court order fix that? We can agree to seek a court order to allow it. We can produce notes from her phone, and photos with the other Defendants and witnesses. I don't

see why you need music provider data? He did send her the Teddy Pendergrass song, but what value is data from a music provider?

You decline to answer my stringcite. I am requesting that you provide case law that supports this request as it seems so highly invasive, like a fishing expedition, and I have never had an opponent ask to do this in a single case in over 12 years of practice. As part of our Rule 37 conference, I am asking for such case law.

Thank you,

**Cass T. Casper, Esq.**
*Labor and Employment Attorney*

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

---

**From:** Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>
**Sent:** Friday, November 17, 2023 3:32 PM
**To:** Cass Casper <ccasper@dispartilaw.com>; Gia Scatchell <gia@dispartilaw.com>
**Cc:** Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Subject:** RE: Phone Imaging Rule 37

> **CAUTION:** This email is a recipient that is outside of the organization.

Cass & Gia,

Please see my responses below ahead of our 37.2 conversation set for this coming Monday at 3pm:



**Charles T. Little**
Assistant State's Attorney
Civil Actions Bureau – Labor and Employment
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
P: 312.603.3373    E: charles.little@cookcountyil.gov

This communication is private and confidential and may be subject to attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender and remove it from your system.

**From:** Cass Casper <ccasper@dispartilaw.com>
**Sent:** Wednesday, November 15, 2023 11:47 AM
**To:** Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Cc:** Gia Scatchell <gia@dispartilaw.com>
**Subject:** Phone Imaging Rule 37

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Counsel:

Pursuant to Rule 37.2, we'd like to continue discussions about this issue in the hope of avoiding motion practice. We do oppose a "blanket" imagining of my client's phone on the ground that it would constitute a fishing expedition. I iterate the following stringcite as a legal basis. "The legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 224 (N.D. Ill. 1997). The Seventh Circuit has often said that discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party. *Sirazi v. Panda Express, Inc.*, No. 08 C 2345, 2009 WL 4232692, at *4 (N.D. No. 24, 2009) (citing *E.E.O.C. v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971-72 (7th Cir. 1996)). This Interrogatory is intrusive and the benefit of responding (if any), outweighs the intrusion imposed upon Defendant. "The discovery rules are not a ticket. . .to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Jackson v. N' Genuity Enterprises Co.*, No. 09 C 6010, 2010 WL 4928912, at *1 (N.D. Ill. Nov. 29, 2010) (citing *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055 at *2 (N.D. Ill. 1994)). "Parties are entitled to a reasonable opportunity to investigate the facts – and no more."

I won't be responding to your legal arguments here at this time; there is no point in litigating this matter by email as there is a briefing schedule set on this motion. Given the high volume of text messages, data on the phones is highly relevant to the underlying claims in this case. The addition of other counts involving Facebook messaging heightens the relevance of the data on her cell phone. Mobile device data is volatile and changes constantly. An extraction done this morning will not match one done this afternoon. The request to image the cell phones now and sort out the parameters of the search later obviates this concern.

That being said, we are open to the following:

(1) Imaging of the Bauman-Gonzalez text chain without limitation; There is no way to perform only an extraction of this text chain according to the Technical Service Provider. I have no way of knowing whether your extraction is complete and full at this time. Again, at this time I'm only seeking to perform an imaging of her cell device; we can discuss the search parameters down the road for what's relevant and what's now. Off the cuff, this offer is also insufficient because we'd also want any text message where Gonzalez is mentioned, or your clients discusses her distress, text messages with the other named defendants (when those counts are no longer stayed) as well as text messages with the witnesses you identify in you responsive document and her union representative.

(2) If you can identify with reasonable particularity what other evidence you want to preserve from her phone, we are happy to discuss whether to also allowing imagine of such matter. In other words, try to identify what you are seeking, and we are open to also allowing imagining of it; however, my client and I would first discuss our position about it after you identify it, and then advise if we would agree or disagree. In addition to the

aforementioned texts messages, we'd want any notes saved to her cell phone involving Gonzalez, distress, other witnesses, and the other named defendants. I'd want any photographs saved on her phone relating to the same. Emails from her personal account relating to the same. Texts about her mental distress generally. Metadata for all of the aforementioned. Facebook messages about any of the aforementioned. Any photos/memes ore text messages relating to the aforementioned categories. There are allegations involving music sent by Gonzalez, so I'd like want some limited data from her music provider (Spotify, Apple Music, Amazon). These are my off the cuff thoughts at this point in time, subject to change/addition/refinement in the future.

(3) Bauman's and/or counsel would be able to attend while the imaging is done to witness it; Civilians and non-law enforcement personnel are not permitted in the digital forensic lab; only sworn Law Enforcement Officers and the like are permitted in the lab. This is immutable.

(4) Bauman would not lose possession of her phone for more than a reasonable period of time – here, I need your input, how long does this take? We would want her to get her phone back within couple hours or so. As I said in a prior email ahead of the status hearing, 24 hours is the estimated time for completion.

(5) We need to discuss how to deal with attorney-client conversations from her phone, because, for example, I and my colleague have texts that would be covered by it that, for certain, should not be produced. As stated above, there is no way to exclude these text exchanges; the extraction is a full file system extraction, meaning all phone contents, databases and operating systems are present in the report produced. The Provider may be able to exclude those text messages after an extraction using a computer program, but he can't confirm that until he performs the extraction. Also, I don't have any privilege log from you concerning these text messages, so please produce that when you have a moment as the Provider will likely need it.

(6) Where is the imagining stored, and what is the procedure to ensure no more of the imaged material is produced to counsel than we agree upon in these discussions? The Provider can produce copies of the full extraction (which requires software to view) and/or a report which can be viewed on any laptop simultaneously to both parties.

(7) What happens to the imaging at the conclusion of the litigation? Digital evidence is not destroyed until the appeal period has expired. The original extraction will remain in the digital forensic lab until that time period.

If we have can have a framework developed along these lines, I am sure we work this out, so please advise.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

## Charles Little

| | |
|---|---|
| **From:** | Cass Casper <ccasper@dispartilaw.com> |
| **Sent:** | Monday, November 20, 2023 8:01 AM |
| **To:** | Charles Little (States Attorney); Gia Scatchell |
| **Cc:** | Miguel Larios (States Attorney); REBECCA GEST (States Attorney) |
| **Subject:** | RE: Phone Imaging Rule 37 |

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

I was thinking further overnight about this. My position here is this should not be allowed; however, if I'm wrong and this is allowed, then I request that the same procedure be used to preserve data from all of the Defendants' cell phones, as well as Sharone Mitchell's. By your logic, I should be entitled to extraction of those folks' cell phone data for the same reason you want data extraction of Cynthia's.

**Cass T. Casper, Esq.**
*Labor and Employment Attorney*

## DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

---

**From:** Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>
**Sent:** Friday, November 17, 2023 3:32 PM
**To:** Cass Casper <ccasper@dispartilaw.com>; Gia Scatchell <gia@dispartilaw.com>
**Cc:** Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Subject:** RE: Phone Imaging Rule 37

> CAUTION: This email is a recipient that is outside of the organization.

Cass & Gia,

Please see my responses below ahead of our 37.2 conversation set for this coming Monday at 3pm:



**Charles T. Little**
Assistant State's Attorney
Civil Actions Bureau – Labor and Employment
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
P: 312.603.3373  E: charles.little@cookcountyil.gov

This communication is private and confidential and may be subject to attorney-client and/or work product privileges. If you have received this message in error, please notify the sender and remove it from your system.

---

**From:** Cass Casper <ccasper@dispartilaw.com>
**Sent:** Wednesday, November 15, 2023 11:47 AM
**To:** Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Cc:** Gia Scatchell <gia@dispartilaw.com>
**Subject:** Phone Imaging Rule 37

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Counsel:

Pursuant to Rule 37.2, we'd like to continue discussions about this issue in the hope of avoiding motion practice. We do oppose a "blanket" imagining of my client's phone on the ground that it would constitute a fishing expedition. I iterate the following stringcite as a legal basis. "The legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 224 (N.D. Ill. 1997). The Seventh Circuit has often said that discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party. *Sirazi v. Panda Express, Inc.*, No. 08 C 2345, 2009 WL 4232692, at *4 (N.D. No. 24, 2009) (citing *E.E.O.C. v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971-72 (7th Cir. 1996)). This Interrogatory is intrusive and the benefit of responding (if any), outweighs the intrusion imposed upon Defendant. "The discovery rules are not a ticket. . .to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Jackson v. N' Genuity Enterprises Co.*, No. 09 C 6010, 2010 WL 4928912, at *1 (N.D. Ill. Nov. 29, 2010) (citing *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055 at *2 (N.D. Ill. 1994)). "Parties are entitled to a reasonable opportunity to investigate the facts – and no more."

I won't be responding to your legal arguments here at this time; there is no point in litigating this matter by email as there is a briefing schedule set on this motion. Given the high volume of text messages, data on the phones is highly relevant to the underlying claims in this case. The addition of other counts involving Facebook messaging heightens the relevance of the data on her cell phone. Mobile device data is volatile and changes constantly. An extraction done this morning will not match one done this afternoon. The request to image the cell phones now and sort out the parameters of the search later obviates this concern.

That being said, we are open to the following:

(1) Imaging of the Bauman-Gonzalez text chain without limitation; There is no way to perform only an extraction of this text chain according to the Technical Service Provider. I have no way of knowing whether your extraction is complete and full at this time. Again, at this time I'm only seeking to perform an imaging of her cell device; we can discuss the search parameters down the road for what's relevant and what's now. Off the cuff, this offer is also insufficient because we'd also want any text message where Gonzalez is mentioned, or your clients discusses her distress, text messages with the other named defendants (when those counts are no longer stayed) as well as text messages with the witnesses you identify in you responsive document and her union representative.

(2) If you can identify with reasonable particularity what other evidence you want to preserve from her phone, we are happy to discuss whether to also allowing imagine of such matter. In other words, try to identify what you are seeking, and we are open to also allowing imagining of it; however, my client and I would first discuss our position about it after you identify it, and then advise if we would agree or disagree. In addition to the aforementioned texts messages, we'd want any notes saved to her cell phone involving Gonzalez, distress, other witnesses, and the other named defendants. I'd want any photographs saved on her phone relating to the same. Emails from her personal account relating to the same. Texts about her mental distress generally. Metadata for all of the aforementioned. Facebook messages about any of the aforementioned. Any photos/memes ore text messages relating to the aforementioned categories. There are allegations involving music sent by Gonzalez, so I'd like want some limited data from her music provider (Spotify, Apple Music, Amazon). These are my off the cuff thoughts at this point in time, subject to change/addition/refinement in the future.

(3) Bauman's and/or counsel would be able to attend while the imaging is done to witness it; Civilians and non-law enforcement personnel are not permitted in the digital forensic lab; only sworn Law Enforcement Officers and the like are permitted in the lab. This is immutable.

(4) Bauman would not lose possession of her phone for more than a reasonable period of time – here, I need your input, how long does this take? We would want her to get her phone back within couple hours or so. As I said in a prior email ahead of the status hearing, 24 hours is the estimated time for completion.

(5) We need to discuss how to deal with attorney-client conversations from her phone, because, for example, I and my colleague have texts that would be covered by it that, for certain, should not be produced. As stated above, there is no way to exclude these text exchanges; the extraction is a full file system extraction, meaning all phone contents, databases and operating systems are present in the report produced. The Provider may be able to exclude those text messages after an extraction using a computer program, but he can't confirm that until he performs the extraction. Also, I don't have any privilege log from you concerning these text messages, so please produce that when you have a moment as the Provider will likely need it.

(6) Where is the imagining stored, and what is the procedure to ensure no more of the imaged material is produced to counsel than we agree upon in these discussions? The Provider can produce copies of the full extraction (which requires software to view) and/or a report which can be viewed on any laptop simultaneously to both parties.

(7) What happens to the imaging at the conclusion of the litigation? Digital evidence is not destroyed until the appeal period has expired. The original extraction will remain in the digital forensic lab until that time period.

If we have can have a framework developed along these lines, I am sure we work this out, so please advise.

**Cass T. Casper, Esq.**

Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

## Charles Little

| | |
|---|---|
| **From:** | Cass Casper <ccasper@dispartilaw.com> |
| **Sent:** | Monday, November 20, 2023 9:11 AM |
| **To:** | Charles Little (States Attorney); Gia Scatchell |
| **Cc:** | Miguel Larios (States Attorney); REBECCA GEST (States Attorney) |
| **Subject:** | RE: Phone Imaging Rule 37 |

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

My firm is also pulling some research on this issue. Here are some quick cites – the legal authority doesn't look good for what you're requesting. We're still looking.

"[L]itigants are generally responsible for preserving relevant information on their own[.]" John B. v. Goetz, 531 F.3d 448, 459 (6th Cir. 2008). Hence, a "district court's authority" to "order[] the forensic imaging" of an electronic device "predominantly for preservation purposes" is a "clear error in judgment." Id.

To allow a forensic examination, some courts claim, the party must have "intentionally destroyed" electronic information in the past or "is unwilling, or will refuse, to preserve and produce" relevant electronic information "in the future." Id. at 460. Others claim, the party must have "intentionally concealed the information" or "lacks the expertise to search and retrieve the relevant data." Tireboots v. Tiresocks, 20 CV 7404, at *8 (N.D. Ill. June 28, 2022).

Either way, a forensic exam "constitutes an extraordinary remedy." Belcastro v. United, No. 17 C 1682, at *4 (N.D. Ill. Dec. 23, 2019). Courts must balance discovery against a party's "privacy interests" and consider the requirements of cost, overbreadth and relevance "when parties seek to image a cell phone." Wright v. Rio Tinto, 2:19-cv-234 HCN DBP, at *5 (D. Utah Nov. 19, 2021).

Defendant's "[m]ere suspicion or speculation that an opposing party may be withholding discoverable information is insufficient to support an intrusive examination of the opposing party's electronic devices or information system." Belcastro at *4. "The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest" or imagination. Motorola v. Hytera, 365 F.Supp.3d 916, 925 (N.D. Ill. 2019).

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

---

**From:** Cass Casper
**Sent:** Monday, November 20, 2023 8:01 AM
**To:** Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>; Gia Scatchell <gia@dispartilaw.com>
**Cc:** Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Subject:** RE: Phone Imaging Rule 37

I was thinking further overnight about this. My position here is this should not be allowed; however, if I'm wrong and this is allowed, then I request that the same procedure be used to preserve data from all of the Defendants' cell phones, as well as Sharone Mitchell's. By your logic, I should be entitled to extraction of those folks' cell phone data for the same reason you want data extraction of Cynthia's.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

---

**From:** Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>
**Sent:** Friday, November 17, 2023 3:32 PM
**To:** Cass Casper <ccasper@dispartilaw.com>; Gia Scatchell <gia@dispartilaw.com>
**Cc:** Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Subject:** RE: Phone Imaging Rule 37

CAUTION: This email is a recipient that is outside of the organization.

Cass & Gia,

Please see my responses below ahead of our 37.2 conversation set for this coming Monday at 3pm:



**Charles T. Little**
Assistant State's Attorney
Civil Actions Bureau – Labor and Employment
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
P: 312.603.3373   E: charles.little@cookcountyil.gov

This communication is private and confidential and may be subject to attorney-client and/or work product privileges. If you have received this message in error, please notify the sender and remove it from your system.

---

**From:** Cass Casper <ccasper@dispartilaw.com>
**Sent:** Wednesday, November 15, 2023 11:47 AM
**To:** Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Cc:** Gia Scatchell <gia@dispartilaw.com>
**Subject:** Phone Imaging Rule 37

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Counsel:

Pursuant to Rule 37.2, we'd like to continue discussions about this issue in the hope of avoiding motion practice. We do oppose a "blanket" imagining of my client's phone on the ground that it would constitute a fishing expedition. I iterate the following stringcite as a legal basis. "The legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 224 (N.D. Ill. 1997). The Seventh Circuit has often said that discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party. *Sirazi v. Panda Express, Inc.*, No. 08 C 2345, 2009 WL 4232692, at *4 (N.D. No. 24, 2009) (citing *E.E.O.C. v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971-72 (7th Cir. 1996)). This Interrogatory is intrusive and the benefit of responding (if any), outweighs the intrusion imposed upon Defendant. "The discovery rules are not a ticket. . .to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Jackson v. N' Genuity Enterprises Co.*, No. 09 C 6010, 2010 WL 4928912, at *1 (N.D. Ill. Nov. 29, 2010) (citing *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055 at *2 (N.D. Ill. 1994)). "Parties are entitled to a reasonable opportunity to investigate the facts – and no more."

<span style="color:red">I won't be responding to your legal arguments here at this time; there is no point in litigating this matter by email as there is a briefing schedule set on this motion. Given the high volume of text messages, data on the phones is highly relevant to the underlying claims in this case. The addition of other counts involving Facebook messaging heightens the</span>

relevance of the data on her cell phone. Mobile device data is volatile and changes constantly. An extraction done this morning will not match one done this afternoon. The request to image the cell phones now and sort out the parameters of the search later obviates this concern.

That being said, we are open to the following:

(1) Imaging of the Bauman-Gonzalez text chain without limitation; There is no way to perform only an extraction of this text chain according to the Technical Service Provider. I have no way of knowing whether your extraction is complete and full at this time. Again, at this time I'm only seeking to perform an imaging of her cell device; we can discuss the search parameters down the road for what's relevant and what's now. Off the cuff, this offer is also insufficient because we'd also want any text message where Gonzalez is mentioned, or your clients discusses her distress, text messages with the other named defendants (when those counts are no longer stayed) as well as text messages with the witnesses you identify in you responsive document and her union representative.

(2) If you can identify with reasonable particularity what other evidence you want to preserve from her phone, we are happy to discuss whether to also allowing imagine of such matter. In other words, try to identify what you are seeking, and we are open to also allowing imagining of it; however, my client and I would first discuss our position about it after you identify it, and then advise if we would agree or disagree. In addition to the aforementioned texts messages, we'd want any notes saved to her cell phone involving Gonzalez, distress, other witnesses, and the other named defendants. I'd want any photographs saved on her phone relating to the same. Emails from her personal account relating to the same. Texts about her mental distress generally. Metadata for all of the aforementioned. Facebook messages about any of the aforementioned. Any photos/memes ore text messages relating to the aforementioned categories. There are allegations involving music sent by Gonzalez, so I'd like want some limited data from her music provider (Spotify, Apple Music, Amazon). These are my off the cuff thoughts at this point in time, subject to change/addition/refinement in the future.

(3) Bauman's and/or counsel would be able to attend while the imaging is done to witness it; Civilians and non-law enforcement personnel are not permitted in the digital forensic lab; only sworn Law Enforcement Officers and the like are permitted in the lab. This is immutable.

(4) Bauman would not lose possession of her phone for more than a reasonable period of time – here, I need your input, how long does this take? We would want her to get her phone back within couple hours or so. As I said in a prior email ahead of the status hearing, 24 hours is the estimated time for completion.

(5) We need to discuss how to deal with attorney-client conversations from her phone, because, for example, I and my colleague have texts that would be covered by it that, for certain, should not be produced. As stated above, there is no way to exclude these text exchanges; the extraction is a full file system extraction, meaning all phone contents, databases and operating systems are present in the report produced. The Provider may be able to exclude those text messages after an extraction using a computer program, but he can't confirm that until he performs the extraction. Also, I don't have any privilege log from you concerning these text messages, so please produce that when you have a moment as the Provider will likely need it.

(6) Where is the imagining stored, and what is the procedure to ensure no more of the imaged material is produced to counsel than we agree upon in these discussions? The Provider can produce copies of the full extraction (which requires software to view) and/or a report which can be viewed on any laptop simultaneously to both parties.

(7) What happens to the imaging at the conclusion of the litigation? Digital evidence is not destroyed until the appeal period has expired. The original extraction will remain in the digital forensic lab until that time period.

If we have can have a framework developed along these lines, I am sure we work this out, so please advise.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

**DISPARTI** Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

**Charles Little**

| | |
|---|---|
| **From:** | Cass Casper <ccasper@dispartilaw.com> |
| **Sent:** | Tuesday, November 21, 2023 5:18 PM |
| **To:** | REBECCA GEST (States Attorney); Charles Little (States Attorney) |
| **Cc:** | Gia Scatchell |
| **Subject:** | Bauman R37 continuation |

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

I said I would get you a response in 24 hours on our discussion yesterday. I wrote a really long letter this afternoon outlining our further response to the cell phone extraction issue, summarizing our conversation yesterday, and analyzing your cited cases and ours and providing further suggestions short of the extraction to reach agreement. It is too long a letter and am not going to send it to you today. Please consider our response forthcoming by tomorrow. Thank you,

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:

This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

**Charles Little**

| | |
|---|---|
| **From:** | Charles Little <Charles.Little@cookcountysao.org> |
| **Sent:** | Wednesday, November 22, 2023 11:07 AM |
| **To:** | Cass Casper; REBECCA GEST (States Attorney); Charles Little (States Attorney) |
| **Cc:** | Gia Scatchell |
| **Subject:** | RE: Bauman R37 continuation |

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Thanks for this update Cass. As you know, the deadline to file our motion to compel on 12/1 (a week from this Friday). Our office is closing early today, is closed tomorrow for the Thanksgiving holiday and both of us have plans around the holiday in addition to our obligations in other cases and matters. I'll do my best to continue our discussions in hopes we can reach an agreement, but given this tight timeframe, I believe we need to shift our focus to the motion. If you'd like to talk through things instead of composing the lengthy letter you mention, let me know and I'll make time to do so today.

---

**From:** Cass Casper <ccasper@dispartilaw.com>
**Sent:** Tuesday, November 21, 2023 5:18 PM
**To:** REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>; Charles Little (States Attorney) <Charles.Little@cookcountyil.gov>
**Cc:** Gia Scatchell <gia@dispartilaw.com>
**Subject:** Bauman R37 continuation

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

I said I would get you a response in 24 hours on our discussion yesterday. I wrote a really long letter this afternoon outlining our further response to the cell phone extraction issue, summarizing our conversation yesterday, and analyzing your cited cases and ours and providing further suggestions short of the extraction to reach agreement. It is too long a letter and am not going to send it to you today. Please consider our response forthcoming by tomorrow. Thank you,

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

## Charles Little

| | |
|---|---|
| **From:** | Cass Casper <ccasper@dispartilaw.com> |
| **Sent:** | Wednesday, November 22, 2023 1:33 PM |
| **To:** | Charles Little; REBECCA GEST (States Attorney); Miguel Larios (States Attorney) |
| **Cc:** | Gia Scatchell |
| **Subject:** | RE: Bauman, Rule 37 Response |
| **Attachments:** | R37 Letter from Plaintiff (Bauman v. PD).pdf |

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

There was an error, Mr. Larios did not represent Mr. Kaminski, but he was present and can probably help reach him if that would be helpful. Corrected attached. Thank you.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
www.DispartiLaw.com

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

---

**From:** Cass Casper
**Sent:** Wednesday, November 22, 2023 1:19 PM
**To:** Charles Little <Charles.Little@cookcountysao.org>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>
**Cc:** Gia Scatchell <gia@dispartilaw.com>
**Subject:** Bauman, Rule 37 Response

Time has gotten away from me today, and you mentioned you need a response quickly. Sorry for the 11 pages, but I want to make sure we have a full record on this issue in case we can't resolve it and since you mentioned you're on a time crunch, I don't have time to shrink this. For simplicity sake, I include a chart up front that summarizes our proposals to compromise. I have already asked Plaintiff to download her Facebook and can start getting the other things outlined as soon as you indicate this is agreeable.

Thank you,

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

# DISPARTI
## — Law Group —

| www.Disparti aw.com | Mailing  ddress: | Phone: 312 5  -5511 |
|---|---|---|
| | 121    est   acker Drive,   uite 23 | Fax:    312 4 - 3 3 |
| | Chicago, I        1 | |

November 21, 2023

<u>Via Email</u>
Charles Little, Esq.
E: charles.little@cookcountyil.gov

Rebecca Gest, Esq.
E: rebecca.gest@cookcountyil.gov

**RE: Follow-up Response to Rule 37 Conference on November 20, 2023 at 3:00 p.m.,** *Bauman v. Law Office, et al.*

Dear Counsel:

This is in response to our telephone conference on November 20, 2023 at 3:00 p.m. regarding your request to conduct an extraction of the Plaintiff's cell phone per the Public Defender's production request number 34. *See* Pls. Resp. to PD's Rule 34 Requests, ¶18 (Nov. 10, 2023). We had not yet engaged in Rule 37 discussions about this issue, and it came up at the Court status on November 15, 2023, leading to Dkt. 81. As I read Dkt. 81, the Court requires us to engage in Rule 37.2 discussions before engaging in Motion practice about this issue. This letter is a continuation of such discussions, and I don't believe our discussions are complete and I request a response to this letter and the specific proposals herein so we can continue to try to work this out.

a.   <u>The Request Is Highly Invasive.</u>

Plaintiff does not lightly object to your request, but the request for a cell phone extraction has the plaintiff extremely upset and distressed because it constitutes an unwarranted invasion of her privacy. She has numerous private things on her phone that she does not want any one to have, not even a third party custodian, and, like everyone else, she uses her phone on a daily basis and has never expected it would be subject to a warrant-like forensic inspection just because she filed a lawsuit, especially given that she is fully willing to voluntarily produce requested matter from it and is preserving all data on it for purposes of this suit.

As outlined here, there are alternatives available to get you information you seek that will avoid this invasion of her privacy, and, under cases such as *Johns v. Chemtech Services, Inc.*, 2021 WL 4498651 (N.D. Ill. 2021) (J. Fuentes), *Tireboots by Universal Canvas, Inc. v. Tiresocks, Inc.*, 2022 WL 2316228 (N.D. Ill. 2022) (J. Kim), and *Hespe v. City of Chicago*, 2016 WL 72407544 (N.D. Ill. 2019), we believe the parties have to attempt to use less invasive means and then show that they do not work before a cell phone extraction such as this may be granted. Plaintiff has produced the complete Bauman-Gonzalez text chain, you have not raised any concerns about its accuracy, you can double check it against Gonzalez' when he produces his, and the production of this text chain shows that we can produce text chains. As to other kinds of digital data such as notes and photos and Facebook data, I outline below that I believe we can produce such items. Accordingly, please advise on the following.

b.  Summary of Plaintiff's Offer of Compromise in this Letter.

Reserving arguments about the relevance of some of these items, Plaintiff offers the following to avoid motion practice and to resolve the dispute as to your RFP 18. Wherever "search terms" are mentioned, we can mutually agree on these and I invite you to begin compiling such terms:

| Requests from Mr. Little's 11/17/2023 Email | Plaintiff's Response/Offer as of 11/22/2023 |
|---|---|
| "text messages where Gonzalez is mentioned" | Plaintiff can provide this using the "search" function on her iPhone's text message application following these instructions:<br><br>https://support.apple.com/guide/iphone/search-iph17c111fb6/ios<br><br>We are also willing to allow defense counsel to do an in camera inspection of the results of this search to assure you we are not withholding any results. We can do this in person as soon as you like, perhaps the week of 12/1 or a mutually agreeable time. |
| texts where "your client discusses her distress" | We request search terms and date range for this, Plaintiff can provide this using the "search" function on her iPhone's text message application following these instructions:<br><br>https://support.apple.com/guide/iphone/search-iph17c111fb6/ios<br><br>We are also willing to allow defense counsel to do an in camera inspection of the results of this search to assure you we are not withholding any results. We can do this in person as soon as you like, perhaps the week of 12/1. |
| text messages with the other Defendants and identified witnesses | Plaintiff can provide this using the "search" function on her iPhone's text message application following these instructions:<br><br>https://support.apple.com/guide/iphone/search-iph17c111fb6/ios<br><br>We are also willing to allow defense counsel to do an in camera inspection of the results of this search to assure you we are not withholding any results. We can do this in person as soon as you like, perhaps the week of 12/1. |
| "notes saved to her cell phone involving Gonzalez, distress, other witnesses, and the other named defendants" | We can search the "notes" application on her phone for this and produce any, and if she keeps notes anywhere else we can search and provide.<br><br>We are also willing to allow defense counsel to do an in camera inspection of the results of this search to |

2

| | |
|---|---|
| | assure you we are not withholding any results. We can do this in person as soon as you like, perhaps the week of 12/1. |
| "photographs save on her phone relating to same" | We can search the "photos" application on her phone for this and produce any, and if she keeps notes anywhere else we can search and provide. <br><br> We are also willing to allow defense counsel to do an in camera inspection of the results of this search to assure you we are not withholding any results. We can do this in person as soon as you like, perhaps the week of 12/1. |
| "Texts from her personal account relating to same" | We're not sure what this means? Clarify "personal account" and we can further discuss. |
| "Metadata for all of the aforementioned." | Metadata would already be embedded in what we provide. You would just need to use an extractor to get the metadata from it. This is a good article about this: https://techforthepeople.org/2020/06/lets-get-meta-understanding-metadata/index.html <br> There's a free option available here: https://meta-extractor.sourceforge.net/. There's many of these free extractors on the internet, and some paid services. If you're concerned about quality, we can discuss a reasonably-priced paid extractor, I wouldn't be opposed to investing in one we can agree on. <br><br> Below I discuss a recent deposition Mr. Larios and I did of the Cook County Sheriff's Office Jakub Kaminski. My understanding is he is knowledgeable about metadata and could probably recommend a good free tool for this. |
| "texts about mental distress generally." | We request search terms and date ranges for this, Plaintiff can provide this using the "search" function on her iPhone's text message application following these instructions: <br><br> https://support.apple.com/guide/iphone/search-iph17c111fb6/ios <br><br> We are also willing to allow defense counsel to do an in camera inspection of the results of this search to assure you we are not withholding any results. We can do this in person as soon as you like, perhaps the week of 12/1. |
| "Facebook messages" | We will download her entire Facebook account (Cynthia Bauman) and produce it using these instructions: <br><br> https://www.facebook.com/help/212802592074644 |
| "Any photos/memes or text messages relating to the aforementioned categories" | We request search terms and date range for this, Plaintiff can provide this using the "search" function |

| | |
|---|---|
| | on her phone's text-message application allowing these instructions:<br><br>https://support.apple.com/guide/iphone/search-iph17c111fb6/ios<br><br>We are also willing to allow defense counsel to do an in camera inspection of the results of this search to assure you we are not withholding any results. We can do this in person as soon as you like, perhaps the week of 12/1. |
| "I'd like some limited data from her music provider." | Plaintiff hardly ever listens to music on her phone, but recalls that she might have occasionally listened to it via Youtube videos, and perhaps Spotify and ITunes. Plaintiff's Spotify username is cbauman2 and she only has a free subscription. Plaintiff's ITunes account name is Cynthia Bauman. These could be subpoenaed for her data, by the way, and we would not object to it.<br><br>There is a way to download Plaintiff's Spotify history, and we will do it and produce it: https://support.stats.fm/docs/import/spotify-import/<br><br>I don't see an online guide as to how to download ITunes data; however, we will screenshot her ITunes application to the maximum extent we can and send it to you. Just looking around at my own ITunes it appears we could screenshot "Library," "Subscriptions," her "Account" screens, and other pages. We would do all of that.<br><br>We would also allow an in camera viewing of her Spotify and ITunes. |

c.   Summary Of Our Call On November 20, 2023.

I recount this from my memory, and if it is inaccurate or incomplete such is unintentional and I invite you to correct and/or supplement.

Present for this call were Charles Little, Rebecca Gest, Cass Casper, and Yiang Jiang (my assistant). We discussed Defendants' request, including that Defendants did not now have a basis to believe any evidence had been concealed or tampered with, but that the case law on this type of discovery request (cell phone data extraction) was "disjunctive" and the prong regarding expertise was what supported the Defendants' request. At the outset, as Mr. Casper understood the conversation, Mr. Little posited that neither side had "expertise" sufficient to meet Request 18 on its own. Mr. Casper agreed the parties don't have that expertise.

Mr. Casper requested that Defendants provide case law that supports their request. Mr. Little cited to *Pable v. Chicago Transit Authority*, 2021 WL 4789023 (N.D. Ill. 2021), and *Estate of Logan v. City of South Bend*, 2021 WL 389412 (N.D. Ind. 2021), and emphasized that it was the "expertise" end of the legal standard

articulated in these cases that supports Defendants' request... and I foreclose it on that basis..an extraordinary remedy that is required '[o]nly if the moving party can actually prove that the responding party has concealed information *or lacks the expertise necessary to search and retrieve all relevant data.*'" *Belcastro v. United Airlines, Inc.,*No. 17 C 1682, 2019 WL 7049914, at *2 (N.D. Ill. Dec. 23, 2019) (quoting *Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, No. 08-CV-693, 2009 WL 3347101, at *1 (E.D. Wis. Oct. 15, 2009))." *See Estate of Logan v. City of South Bend*, 2021 WL 389412 (N.D. Ind. 2021) (emphasis supplied).

On quickly reviewing the *Logan* case contemporaneously on the phone call, Mr. Casper clarified that the kind of "expertise" envisioned by the *Logan* case was such that no party to the case had the "expertise" to get the data requested by a party, which is not this case.[1] With the benefit of that clarification, Mr. Casper clarified that, in fact, Disparti Law Group does have the necessary tools to preserve text messages, as evidenced by its production of the Bauman-Gonzalez text messages in this case. *See* Plaintiff 290-360 (text chain between Bauman and Gonzalez). The best proof of that is that we actually did it and provided it to you. The conversation then focused briefly on Mr. Little's email of November 17, 2023 at 3:32 p.m., a copy of which is attached as Exhibit A hereto, and then excerpted below for specific discussion.

Mr. Casper attempted to discuss Mr. Little's email line by line, but I recall that Mr. Little and Ms. Gest were impatient and not receptive about proceeding in our discussion this way, instead wanting a wholesale answer if Plaintiff would allow a cell phone extraction or not. Mr. Casper pushed on and attempted to address Mr. Little's email in Paragraph 1, which is reprinted (red text is Mr. Little's embedded responses to the black text from Mr. Casper's original email):

> I won't be responding to your legal arguments here at this time; there is no point in litigating this matter by email as there is a briefing schedule set on this motion. Given the high volume of text messages, data on the phones is highly relevant to the underlying claims in this case. The addition of other counts involving Facebook messaging heightens the relevance of the data on her cell phone. Mobile device data is volatile and changes constantly. An extraction done this morning will not match one done this afternoon. The request to image the cell phones now and sort out the parameters of the search later obviates this concern.
>
> That being said, we are open to the following:
>
> 1. Imaging of the Bauman-Gonzalez text chain without limitation; There is no way to perform only an extraction of this text chain according to the Technical Service Provider. I have no way of knowing whether your extraction is complete and full at this time. Again, at this time I'm only seeking to perform an imaging of her cell device; we can discuss the search parameters down the road for what's relevant and what's now. Off the cuff, this offer is also insufficient because we'd also want any text message where Gonzalez is mentioned, or your clients discusses her distress, text messages with the other named defendants (when those counts are no longer stayed) as well as text messages with the witnesses you identify in you responsive document and her union representative.

Exhibit A, at 2. respect to Mr. Little's request for "text messages where Gonzalez is mentioned," Mr. Casper stated this could be searched for by Plaintiff using the cell phone's search function[2] and offered to do that. Mr. Little responded that that would not necessarily catch all texts, although he did not offer any explanation or evidence as to that statement. With respect to texts where "your client discusses her distress," Plaintiff offers to discuss search terms from defense and to search the texts using those terms, as is standard

---

[1] Reading the case after the call more thoroughly, it does not fit our case and the inspection re uest was denied.
[2] Plaintiff has an iPhone. If you open text messages, there is a search bar at the top where you can type in words to search, and it separates text messages that have such word in it.

for ESI searches in the undersigned experience. With respect to text message with the other Defendants and identified witnesses, Plaintiff offers to produce those in the same manner she produced Gonzalez' texts. Generally, Mr. Casper was unable to get through the phone call as to all these elements because Ms. Gest and Mr. Little expressed impatience, continually interrupted, were impatient, and accused Mr. Casper of calling Mr. Little "Charles" even though they claim he goes by "Chuck" and claim to have told Mr. Casper that three times. I don't specifically recall them telling me three times he goes by "Chuck," and wasn't trying to offend, but was focused on the issues and the discussion was getting intense due to Ms. Gest's and Mr. Little's contentious manner on the call. The hostility expressed by defense counsel on this minor point is representative of the hostility expressed by defense counsel in general seemingly in many points in this case so far.

In general, this was an extremely unpleasant conversation, it was not productive, Defendants' counsel were not open to accepting any suggestions or alternatives other than Plaintiff acceding to their demand – despite that Plaintiff is willing and able to produce cell phone information as outlined above, just like she did with Gonzalez' texts. *See, e.g. Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 173518, at *3 (N.D. Ill. 2018) ("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018) ("An ultimatum on one side. . .is not a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016) ("…adamantly clinging to the positions with which they began" is not good faith).

d.   Plaintiff's Position On Mr. Little's Other Responses.

Because Defendants' counsels were not willing to discuss the remaining Paragraphs of Mr. Little' email, I will state Plaintiff's position to each here, which I also summarize in the chart above:

> 2. If you can identify with reasonable particularity what other evidence you want to preserve from her phone, we are happy to discuss whether to also allowing imagine of such matter. In other words, try to identify what you are seeking, and we are open to also allowing imagining of it; however, my client and I would first discuss our position about it after you identify it, and then advise if we would agree or disagree. In addition to the aforementioned texts messages, we'd want any notes saved to her cell phone involving Gonzalez, distress, other witnesses, and the other named defendants. I'd want any photographs saved on her phone relating to the same. Emails from her personal account relating to the same. Texts about her mental distress generally. Metadata for all of the aforementioned. Facebook messages about any of the aforementioned. Any photos/memes ore text messages relating to the aforementioned categories. There are allegations involving music sent by Gonzalez, so I'd like want some limited data from her music provider (Spotify, Apple Music, Amazon). These are my off the cuff thoughts at this point in time, subject to change/addition/refinement in the future.

Exhibit A at 2. Plaintiff can provide "notes saved to her cell phone involving Gonzalez, distress, other witnesses, and the other named defendants." Defense should send a list of search terms you want and we will discuss and produce what we find as to this. Plaintiff states she does not recall keeping any notes in her cell phone Notes application and during a call with her she checked and does not see any, but we will do a diligent search to make sure at my office. We'll do a general search for "notes" outside of the Notes application, as well, and if you have suggestions for places you want us to look, please suggest and we can search.

With respect to "photographs saved on her phone relating to same," I request you elaborate further on time period for photos (I assume the period of time Gonzalez was her supervisor), and then provide examples of the kind of photos you're looking for (I might make some suggestions: defense often wants vacation photos,

photos at events, parties, etc.) during the relevant time period. I'd like to ask, change, and we can discuss and provide if we agree).

"Texts from her personal account relating to same" – what personal account are you referring to?

"Metadata for all of the aforementioned." So, after talking it over with co-counsel, metadata would be embedded in what we provide. So, you can get that with what we produce, but you have to have a software to read the metadata. There are many extraction tools on the internet for this – this link talks about, for example: https://meta-extractor.sourceforge.net/. Anyway, why is metadata necessary here, though? If there was a concern about concealing or changing data, perhaps, but no such allegation has been raised. I propose you run the text messages we provided in a metadata tool and see if that resolves your concern, and then we revisit this? Also, in another case with Ms. Gest's office, I deposed Jakub Kaminski of the Cook County Sheriff's Office, and he had a program he used to run metadata on Sheriff's records. Counsel Larios was present, and he may be able to provide access to that program or even use what Mr. Kaminski was using for this.

With respect to the metadata part of our discussion, I did express some concern if my firm could get metadata, and mentioned I'd have to talk to my co-counsel about that. I was unable to progress further in the email review with counsel at this point, though because Ms. Gest here protested that Mr. Casper was changing his position from what he stated earlier in the conversation when he stated that the parties don't have expertise to meet Request 18 on its own, and that he then stated they could do it, and that he then stated he was not sure. Well, the undersigned takes exception to Ms. Gest's hostility and "gotcha" nature of the Rule 37 conference at this point – it was a supposed to be a non-adversarial conversation for the parties to discuss these issues with a view to working it out, not a deposition, trial, or opportunity for defense counsel to attempt to lock Plaintiff's counsel into a position and then accuse him of acting in bad faith when further information exchanged led to a clarification of position. Mr. Casper notes that Ms. Gest's tone of voice was extremely brusque, impatient, flippant, and angry during her accusation that he was changing his position, and that Ms. Gest contributed nothing substantive to the conversation except for this angry and flippant accusatory "gotcha" statement in an outraged tone of voice. I was upset and put off by this accusation during the call and it was not productive and did not help us advance our issues. Mr. Casper notes that sometimes conversations are fluid and elucidating, sometimes parties change positions as more information is exchanged and positions clarified, and it was unfair of Ms. Gest to engage in a "gotcha you changed your position three times during this discussion" in obstreperous, impatient tone, when Mr. Casper was just trying to have a discussion about this issue and to develop a solution. Unfortunately, this accusation makes me believe we may need to have these conversations with a Court Reporter or agree to record these going forward by mutual agreement, which I am loath to do, but we may need to.

Moving on. "texts about mental distress generally." As above, please provide search terms and we'll do a search and provide text messages like we did for Gonzalez' texts.

"Facebooks messages" – we will download and provide Baumann's entire Facebook account for you using Facebook's download tool. I instructed Cynthia to start doing this on today's date.

"Any photos/memes or text messages relating to the aforementioned categories" – this seems to be duplicative of your other requests, but please clarify what more is intended here.

"I'd like some limited data from her music provider." This request is a reach. The allegation is Defendant sent her the Teddy Pendergrass song, and that's the extent of the allegations as to music – what would discovery from her music provider get you here? You mentioned during the call that perhaps she listened to the music? That does not justify a cell phone extraction; if anything, I would think that would require a subpoena to her music provider, not a cell phone extraction. Also, why is that proportional to the needs of this case? If there were repeated allegations, I could understand it, but there's one instance of this alleged.

Please clarify what you're looking for beyond what I thought I understood to be the proposal in the summary chart above.

The next section of your email is this:

> 3. Bauman's and/or counsel would be able to attend while the imaging is done to witness it;

Civilians and non-law enforcement personnel are not permitted in the digital forensic lab; only sworn Law Enforcement Officers and the like are permitted in the lab. This is immutable.

Exhibit A at 2-3 (carryover paragraph). I mentioned during the call that we could likely seek a court order to allow this, and you were insistent that would not be allowed. At the same time, you accused me of accusing you of having an ulterior motive for using this extraction provider during my inquiries here, which was not my intent. Sometimes I talk loudly and aggressively, and I really didn't mean anything untoward by this part of our discussion, I was just trying to understand why this service provider. Anyway, I still don't see why a court order could not be entered to allow this? Do you have legal authority saying a court order absolutely would not be allowed? At the same time, you're asking my client to turn over her cell phone for complete data extraction and storage to a third party. This is a highly invasive request, and her being present (or me) at the extraction site would provide a lot of comfort about where it is being held, how, who was present, who has access, and the like. This seems a small ask for a highly-invasive request, and I don't understand your opposition to it. It also is odd that you seem to be wanting to protect the interests of the custodian on this front so fiercely – what's the big deal if someone is present for this extraction?

Next section:

> 4. Bauman would not lose possession of her phone for more than a reasonable period of time – here, I need your input, how long does this take? We would want her to get her phone back within couple hours or so. As I said in a prior email ahead of the status hearing, 24 hours is the estimated time for completion.

Exhibit A at 3. *Assuming this extraction is allowed* (and it should not be), this would be an acceptable parameter.

Next section:

> 5. We need to discuss how to deal with attorney-client conversations from her phone, because, for example, I and my colleague have texts that would be covered by it that, for certain, should not be produced. As stated above, there is no way to exclude these text exchanges; the extraction is a full file system extraction, meaning all phone contents, databases and operating systems are present in the report produced. The Provider may be able to exclude those text messages after an extraction using a computer program, but he can't confirm that until he performs the extraction. Also, I don't have any privilege log from you concerning these text messages, so please produce that when you have a moment as the Provider will likely need it.

Exhibit A at 3. *Assuming this extraction is allowed* (and it should not be), this would be an acceptable parameter. I can produce a privilege log, but it is the text chain between Plaintiff, Ms. Scatchell and I as regards this case.

6. What is the imaging used, and what is the procedure to ensure no more than the imaged material is produced to counsel than we agree upon in these discussions? The Provider can produce copies of the full extraction (which requires software to view) and/or a report which can be viewed on any laptop simultaneously to both parties.

Exhibit A at 3. We oppose providing a full copy of the extraction. I need more information about this Report – what is on it? If it summarizes every single digital item on her phone, even that is way too invasive to be justified here.

The final section.

7. What happens to the imaging at the conclusion of the litigation? Digital evidence is not destroyed until the appeal period has expired. The original extraction will remain in the digital forensic lab until that time period.

Exhibit A at 3. *Assuming this extraction is allowed* (and it should not be), this would be an acceptable parameter.

e. <u>Your Cited Cases.</u>

I understand you cited *Pable v. Chicago Transit Authority*, 2021 WL 4789023 (N.D. Ill. 2021), and *Estate of Logan v. City of South Bend*, 2021 WL 389412 (N.D. Ind. 2021), for the legal standard that "A forensic ESI exam constitutes an extraordinary remedy that is required '[o]nly if the moving party can actually prove that the responding party has concealed information <u>or lacks the expertise necessary to search and retrieve all relevant data.</u>'" *Belcastro v. United Airlines, Inc.,*No. 17 C 1682, 2019 WL 7049914, at *2 (N.D. Ill. Dec. 23, 2019) (quoting *Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, No. 08-CV-693, 2009 WL 3347101, at *1 (E.D. Wis. Oct. 15, 2009))." *See Estate of Logan v. City of South Bend*, 2021 WL 389412 (N.D. Ind. 2021) (<u>emphasis supplied</u>). The problem though, is neither of these citations is an "expertise" case on closer examination.

*Estate of Logan* resulted in a denial of the request for a cell phone forensic examination, finding it too intrusive and disproportional to the needs of the case. *Id.* at *5. The plaintiff in that case "failed to demonstrate the importance of the information it hopes to attain, or how any information retrieved will help resolve any issues in the case." *Id.* So far, in this case Defendants have not demonstrated why a cell phone extraction is so important, nor why it will resolve any issues, especially given Plaintiff's willingness to produce the information above. As far as "expertise," through our conversation and narrowing it to what you are requesting, my firm, indeed, is able to produce the things you are requesting as I outline above.

In *Pable v. Chicago Transit Authority*, 2021 WL 4789023 (N.D. Ill. 2021), Pable had imaged his phone himself, and then produced "an extremely small amount of data" and "the CTA has raised a legitimate question abut the completeness of the forensic examination" done by the plaintiff himself. *Id.* at 3. The Court there also stated that "the privacy concerns that a forensic imaging of a cell phone would ordinarily raise carry less force here, given Pable's unilateral decision to submit his cell phone for the first imaging." *Id.* Unlike *Pable*, Plaintiff has not imaged her own phone, and there has not been a question raised about, for example, the text messages we produced from Gonzalez – you have not questioned the accuracy or completeness of those, and on the face these texts appear all in order. Further – if you have questions about the texts, you can ask Gonzalez and the other witnesses in the case if the texts we produce are complete, or you can ask them to compare what we produce to what they have. The point being there are other ways to confirm the texts are accurate and complete in this case, short of the highly-invasive cell phone imaging you are seeking.

Accordingly, neither *Pable* nor *Estate of Logan* support an imaging in this case. If you have other cases that provide better support, I'm happy to examine them. It should not be necessary, though, because we have provided the compromise proposals summarized above.

f.   Other Cases Do Not Support This Request.

In *Hespe v. City of Chicago*, 2016 WL 72407544 (N.D. Ill. 2019) (Ms. Gest was counsel on this case, too), a plaintiff filed sexual harassment claims against a supervisor. Defendants sought a forensic inspection of plaintiff's devices to search for unproduced ESI. Magistrate Judge Mason denied a motion to compel this request, reasoning that it was not proportional to the needs of the case, "especially considering plaintiff's privacy and confidentiality interests. . ." *Id.* at *2.

In reviewing the Magistrate Judge's order, the District Judge ruled that the defendants "have not demonstrated that the contents of plaintiff's devices are likely to go to the heart of this case." *Id.* at *5. The Court reasoned that "defendants essentially seek a warrant to search plaintiff's devices" and "[t]heir request to search plaintiff's devices is closer to a 'blind' attempt to 'find something useful [for their] impeachment of the plaintiff' than to a request to search devices that have been shown to contain information going to 'the heart of the case.'" *Id.* The Court noted that plaintiff's complaint did, indeed, refer to text messages, but there was no dispute that the plaintiff also produced several thousand text messages from the relevant time period, and defendants provided "no compelling reason to believe that this production is incomplete." *Id.* The Court further stated, "[t]he search defendants want to perform does not go to the "heart" of this case because it does not seek evidence that will conclusively resolve critical factual issues, and even if defendants find evidence they do not already have, they have not demonstrated that the evidence is likely to be more probative than the admissions they do have." *Id.*

In *Tireboots by Universal Canvas, Inc. v. Tiresocks, Inc.*, 2022 WL 2316228 (N.D. Ill. 2022) (J. Kim), the plaintiff sought to compel a forensic inspection of defendant businesses digital business data. *Id.*at *1. The plaintiff argued that the inspection would yield relevant evidence of infringement and false advertising, but the Court ruled that the inspection would yield "a substantial volume of information that does not go to the heart of the case." *Id.* at *2. Further, the Court held that the plaintiff failed to "exhaust other methods of collecting the information it seeks" and "without having attempted to obtain this information through less intrusive means," a forensic audit was not justified. *Id.* at *3. Judge Kim aptly summarized the Court's view of the request as follows:

"In sum, Plaintiff's request is not proportional to the needs of the case because a forensic examination would necessarily involve the examination and collection of more information than is required to support Plaintiff's claims. Simply put, "[t]he discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." <u>*Motorola Sols.*</u>, 365 F. Supp. 3d at 925. And this court has previously ruled that discovery requests covering the entire scope of Defendants' business operations are unduly broad. (See R. 112 (denying Plaintiff's request for production of documents that would cover "the entire scope of Defendants' business operations").) Yet that is precisely what Plaintiff seeks to do here."

*Id.* at *3.

In *Johns v. Chemtech Services, Inc.*, 2021 WL 4498651 (N.D. Ill. 2021) (J. Fuentes), the Court denied a request for a forensic examination of plaintiff's cell phone in an employment discrimination case. The defendants claimed it was necessary because the plaintiff failed to produce certain discovery and inspection would prove plaintiff was terminated for legitimate reasons. *Id.* at *1. However, because there was no evidence that the plaintiff had obfuscated or obstructed discovery, and otherwise did not view the request as likely to produce evidence so central to the case "that exceptional circumstances warranting a full forensic examination" were present. *Id.* at *3.

1

g.   Conclusion

Based on the cited cases above, the disproportionality of your request to the needs of this case, the fact that alternative measures have not been exhausted, the fact that we are willing to compromise as set forth above, we do not agree to a cell phone extraction. If you have further ideas short of your request, I am happy to discuss with the client.

Respectfully submitted,

*/s/ Cass T. Casper*

_____
One of Plaintiff's Attorneys

Cass T. Casper, Esq.
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (321) 307-1101
E: ccasper@dispartilaw.com

## Charles Little

| | |
|---|---|
| **From:** | Cass Casper <ccasper@dispartilaw.com> |
| **Sent:** | Monday, November 27, 2023 8:29 AM |
| **To:** | Charles Little; Gia Scatchell |
| **Cc:** | Miguel Larios (States Attorney); REBECCA GEST (States Attorney) |
| **Subject:** | RE: Bauman, Rule 37 Response |

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

We're not agreeing to imaging because the legal standard for doing such an invasive thing has not been met as outlined in my letter; my letter contains a great number of offers short of imaging to get you the information you want short of imaging. As far as the counts being uncertain, we can certainly proceed as if the TAC is granted, and then if it is not we can cut down what is necessary. So far, your only response is to say you insist on imaging, which is not good faith Rule 37 discussions. If you have proposals short of that you would agree to, please advise. I do not agree Rule 37 contemplates oral discussions only. In fact, our oral discussion was unproductive because of the hostile attitude and tone from your side, including Ms. Gest's accusing me of changing my position "three times," as if I was lying, which I found to be an unnecessary and wrong personal attack, which seem to be unending in this case.

I am already in the process of retrieving the data outlined in my letter, for example, Cynthia is downloading her Facebook account and Spotify account and I will produce those to you asap. We are also searching her personal email account for communications from Gonzalez, other names Defendants, and witnesses. She is sending over tax documents. I am also going to get the other items in the letter – text messages, for example -- but probably not until next week due to a couple of deadlines this week.

I will be happy to have another oral discussion provided we can mutually agree to record it or have a court reporter, at my expense. I do not want there to be anymore personal attacks in this case than there already have been, and I want a court reporter or recording to make sure I have it if it happens again.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
www.DispartiLaw.com

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

**From:** Charles Little <Charles.Little@cookcountysao.org>
**Sent:** Friday, November 24, 2023 10:57 AM
**To:** Cass Casper <ccasper@dispartilaw.com>; Gia Scatchell <gia@dispartilaw.com>
**Cc:** Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Subject:** RE: Bauman, Rule 37 Response

CAUTION: This email is a recipient that is outside of the organization.

Cass,

I hope you had a nice holiday. We're still in the process of reviewing your letter, which, at a quick reading this morning, contains inaccurate recollections of our conversation and misstatements. Rather than go point by point, I'd like to focus our discussion on the Request to image your client's cellular phone and your Response.

I appreciate you offers to extract certain items we discussed from your client's cellular phone. In the spirit of Rule 37, I offered those items to you as examples of things we may want to extract from her phone once it was imaged. Many of the items you have offered to produce appear responsive to Requests for Production other than number 18. If you have not already done so, please extract these items from your client's phone so that these items are preserved. We can engage in a larger discussion of how these items intersect with our other Requests in the future when the balance of discovery is no longer stayed.

Request 18 seeks a forensic image of her phone to preserve all data that is or may become relevant. We do not presently know what counts of the Complaint will be at issue, I cannot predict with accuracy all items all sides may want or need from your client's cellular phone at this time. I do not read your letter to offer to image the device; it only offers to extract certain items from it, which is not sufficient to preserve all the data and items on it.

Rule 37 contemplates oral discussions, not dueling letters and emails back and forth. To that end, if you would like to discuss Request 18 further, Rebecca and I are available to talk with you on November 27 or 28. Let us know if you'd like to continue this discussion on those dates. (Miguel will need to advise on his availability to participate in these discussions).

We will continue to engage in these discussions with you but, as stated in my prior email, we also will be moving forward with drafting our motion to compel as the deadline is a week from this coming Monday. Next week Mrs. Gest time out of the office which limits our availability.

**From:** Cass Casper <ccasper@dispartilaw.com>
**Sent:** Wednesday, November 22, 2023 1:33 PM
**To:** Charles Little <Charles.Little@cookcountysao.org>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>
**Cc:** Gia Scatchell <gia@dispartilaw.com>
**Subject:** RE: Bauman, Rule 37 Response

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

There was an error, Mr. Larios did not represent Mr. Kaminski, but he was present and can probably help reach him if that would be helpful. Corrected attached. Thank you.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

## DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

---

**From:** Cass Casper
**Sent:** Wednesday, November 22, 2023 1:19 PM
**To:** Charles Little <Charles.Little@cookcountysao.org>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>
**Cc:** Gia Scatchell <gia@dispartilaw.com>
**Subject:** Bauman, Rule 37 Response

Time has gotten away from me today, and you mentioned you need a response quickly. Sorry for the 11 pages, but I want to make sure we have a full record on this issue in case we can't resolve it and since you mentioned you're on a time crunch, I don't have time to shrink this. For simplicity sake, I include a chart up front that summarizes our proposals to compromise. I have already asked Plaintiff to download her Facebook and can start getting the other things outlined as soon as you indicate this is agreeable.

Thank you,

**Cass T. Casper, Esq.**
Labor and Employment Attorney

## DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

## Charles Little

**From:** Charles Little
**Sent:** Friday, December 1, 2023 1:12 PM
**To:** Cass Casper; Gia Scatchell
**Cc:** Miguel Larios (States Attorney); Rena Honorow; REBECCA GEST (States Attorney)
**Subject:** RE: Bauman, Spotify download, Declaration and supplemental production

Cass,

Sorry you're not feeling well. As a courtesy, I did check in with Rena, but we will be proceeding with filing the motion today, as ordered by the Court.



**Chuck Little**
Assistant State's Attorney
Civil Actions Bureau – Labor and Employment
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
P: 312.603.3373   E: charles.little@cookcountyil.gov

This communication is private and confidential and may be subject to attorney-client and/or work product privileges. If you have received this message in error, please notify the sender and remove it from your system.

**Please note that my email address has changed to charles.little@cookcountysao.org.**

From: Cass Casper <ccasper@dispartilaw.com>
Sent: Friday, December 1, 2023 12:46 PM
To: Charles Little <Charles.Little@cookcountysao.org>; Gia Scatchell <gia@dispartilaw.com>
Cc: Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; Rena Honorow <Rena.Honorow@cookcountysao.org>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
Subject: RE: Bauman, Spotify download, Declaration and supplemental production

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Alright, with Ms. Gest being out, I'd like to at least suggest you ask Ms. Honorow her opinion about all this. I reattach my last letter with our offers. I leave it to you at this point, but please consider running this all by Ms. Honorow before doing the motion. Maybe ask for an extension to file, I don't object if you want to do that.

I'm leaving the office today because I'm coming down with something. Up to you at this point.

**Cass T. Casper, Esq.**
*Labor and Employment Attorney*

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

**From:** Charles Little <Charles.Little@cookcountysao.org>
**Sent:** Friday, December 1, 2023 11:59 AM
**To:** Cass Casper <ccasper@dispartilaw.com>; Gia Scatchell <gia@dispartilaw.com>
**Cc:** Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; Rena Honorow <Rena.Honorow@cookcountysao.org>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Subject:** RE: Bauman, Spotify download, Declaration and supplemental production

CAUTION: This email is a recipient that is outside of the organization.

Cass,

Thanks for these two emails yesterday and for supplying the Spotify zip file. I believe we are, and have been, at an impasse on this issue despite our good faith discussions. I believe we need an image of your client's phone; you have continued to refuse to agree to Request 18, seeking a forensic image of your client's phone (as it currently exists, nearly a year after the start of litigation). Your offers to extract and produce certain items are not acceptable compromises to our request to preserve the phone by imaging it, particularly in light of the high volume of ESI at issue in the various counts of the Second and your proposed Third Amended Complaint. I cannot think of a compromise I can offer to bridge the gap between us. Accordingly, I will not agree to postpone filing our motion today and think we should proceed with that.

As I've said, I believe most, if not all, of these items you're offering to produce are responsive to other Requests for Production, which we can address in another Rule 37 conversation once discovery is no longer stayed.

I also want to express appreciation for your supplying the affidavit from your client she doesn't recall deleting anything from her phone since the case was filed in her affidavit, which is, perhaps, well-intentioned, but not re-assuring to the concerns about the variety of ways automatically deletions occur on iPhones (which we've discussed several times) absent taking affirmative steps.

I've added in Supervisor Honorow for her awareness as Mrs. Gest has been ouf of the office the latter part of this week.

**Chuck Little**
Assistant State's Attorney
Civil Actions Bureau – Labor and Employment



Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
P: 312.603.3373    E: charles.little@cookcountyil.gov

This communication is private and confidential and may be subject to attorney-client and/or work product privileges. If you have received this message in error, please notify the sender and remove it from your system.

**Please note that my email address has changed to charles.little@cookcountysao.org.**

---

**From:** Cass Casper <ccasper@dispartilaw.com>
**Sent:** Thursday, November 30, 2023 4:46 PM
**To:** Charles Little <Charles.Little@cookcountysao.org>; Gia Scatchell <gia@dispartilaw.com>
**Cc:** Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Subject:** Bauman, Spotify download, Declaration and supplemental production

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Attached is a declaration from Cynthia Bauman re preserving information on her cell phone. Attached is the Spotify download that we have received from Spotify so far. I have not touched the file, that is exactly as it was sent over. We are awaiting on the Meta download to be available.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

## DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
www.DispartiLaw.com

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

---

**From:** Cass Casper
**Sent:** Thursday, November 30, 2023 1:48 PM
**To:** Charles Little <Charles.Little@cookcountysao.org>; Gia Scatchell <gia@dispartilaw.com>
**Cc:** Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney)

<Rebecca.Gest@cookcountyil.gov>
**Subject:** RE: Bauman, Rule 37 Response

I have really been buried in an MTD response this week in a different case and haven't circled back on this. The Plaintiff had already confirmed to me that she is not deleting anything whatsoever on her phone during the pendency of this litigation. I don't know what more can be done to assure you than that evidence from the phone is being preserved. This is also in line with how litigation routinely goes in other cases – the parties have a duty to preserve evidence and, if they do not, there are then remedies such as spoliation, sanctions, etc. Your request to image the phone would carry a lot more weight if there was some evidence that Cynthia was deleting electronic information, but you haven't raised anything like that and, in fact, she isn't and I will also represent as an officer of the court that I have seen nothing in my conversations with Cynthia or what she has produced to me that causes me to be concerned she is deleting things or not preserving them either – I go back to the Gonzalez text chain, that is unimpeachably complete as far our end is concerned. So what is the real need to do this invasive imaging?

My offer to produce other information from the phone as outlined in my letter is supposed to address your concerns by producing to you discoverable information that might be relevant to the suit and, therefore, obviate the need for the invasive imaging you've proposed.

I would request that you move to extend the time to file the motion to compel while you respond to my offer in the letter as you suggest below. We don't need to bother the Court with this if we can work it out.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

**From:** Charles Little <Charles.Little@cookcountysao.org>
**Sent:** Monday, November 27, 2023 9:28 AM
**To:** Cass Casper <ccasper@dispartilaw.com>; Gia Scatchell <gia@dispartilaw.com>
**Cc:** Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Subject:** RE: Bauman, Rule 37 Response

CAUTION: This email is a recipient that is outside of the organization.

Cass,

We engaged in good faith discussions orally last week, have continued to engage with you by email since then and will continue to do so. I don't believe either side engaged in personal attacks in our last call. I recall Mrs. Gest expressing frustration because you changed your responses three times when we asked you if anyone at your firm had the

expertise to preserve, search and extract the data from the cellular phone. I recall you also expressing frustrations towards both of us throughout the conversation.

I appreciate your repeated offers to produce the items we orally discussed and reiterate these items are responsive to other requests, not the one at issue presently. The time frame for supplementing your production is more than fine. Beyond these extractions, can you outline what you and your client are doing to preserve her cell phone in its current state? Extracting certain pieces of information and data is not the same as taking affirmative steps to preserve the phone in its current state (which is what the Request for Production at issue seeks). I think you may be conflating extracting certain things which with our preservation request. I provided these items to you (at your insistence) in my email and discussed them orally discussions as examples of items we may want to obtain from the cell phone once it was preserved by forensically imaging it; I did not state, nor intend, those discussions to serve as an offer to accept these items as a substitute for forensically imaging this device.

I expect we'll have a larger Rule 37 conversation in the future. For now, I'd like us to focus on the Request at issue which seeks a forensic imaging of your client's cellular phone. However, since you seem to intend to supplement your document production next week, I double checked your prayers for relief and can withdraw the request for tax documentation as long as your client is not seeking lost wages, you are correct those documents are not relevant. If that's not your position or if you intend to use these tax documents for another purpose, please produce the tax documents. Again, that is a different Request than the one at issue presently.

I'll do my best to review and respond further to your 11-page letter as soon as possible. If you'd like to have further oral discussion with us, let us know when in the date parameters previously provided. I don't agree to have a court reporter for these conversations.



**Chuck Little**
Assistant State's Attorney
Civil Actions Bureau – Labor and Employment
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
P: 312.603.3373    E: charles.little@cookcountyil.gov

This communication is private and confidential and may be subject to attorney-client and/or work product privileges. If you have received this message in error, please notify the sender and remove it from your system.

**Please note that my email address has changed to**
**charles.little@cookcountysao.org.**

From: Cass Casper <ccasper@dispartilaw.com>
Sent: Monday, November 27, 2023 8:29 AM
To: Charles Little <Charles.Little@cookcountysao.org>; Gia Scatchell <gia@dispartilaw.com>
Cc: Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
Subject: RE: Bauman, Rule 37 Response

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

We're not agreeing to imaging because the legal standard for doing such an invasive thing has not been met as outlined in my letter; my letter contains a great number of offers short of imaging to get you the information you want short of imaging. As far as the counts being uncertain, we can certainly proceed as if the TAC is granted, and then if it is not we can cut down what is necessary. So far, your only response is to say you insist on imaging, which is not good faith Rule 37 discussions. If you have proposals short of that you would agree to, please advise. I do not agree Rule 37 contemplates oral discussions only. In fact, our oral discussion was unproductive because of the hostile attitude and tone from your side, including Ms. Gest's accusing me of changing my position "three times," as if I was lying, which I found to be an unnecessary and wrong personal attack, which seem to be unending in this case.

I am already in the process of retrieving the data outlined in my letter, for example, Cynthia is downloading her Facebook account and Spotify account and I will produce those to you asap. We are also searching her personal email account for communications from Gonzalez, other names Defendants, and witnesses. She is sending over tax documents. I am also going to get the other items in the letter – text messages, for example -- but probably not until next week due to a couple of deadlines this week.

I will be happy to have another oral discussion provided we can mutually agree to record it or have a court reporter, at my expense. I do not want there to be anymore personal attacks in this case than there already have been, and I want a court reporter or recording to make sure I have it if it happens again.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

**From:** Charles Little <Charles.Little@cookcountysao.org>
**Sent:** Friday, November 24, 2023 10:57 AM
**To:** Cass Casper <ccasper@dispartilaw.com>; Gia Scatchell <gia@dispartilaw.com>
**Cc:** Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>
**Subject:** RE: Bauman, Rule 37 Response

CAUTION: This email is a recipient that is outside of the organization.

Cass,

I hope you had a nice holiday. We're still in the process of reviewing your letter, which, at a quick reading this morning, contains inaccurate recollections of our conversation and misstatements. Rather than go point by point, I'd like to focus our discussion on the Request to image your client's cellular phone and your Response.

I appreciate you offers to extract certain items we discussed from your client's cellular phone. In the spirit of Rule 37, I offered those items to you as examples of things we may want to extract from her phone once it was imaged. Many of the items you have offered to produce appear responsive to Requests for Production other than number 18. If you have not already done so, please extract these items from your client's phone so that these items are preserved. We can engage in a larger discussion of how these items intersect with our other Requests in the future when the balance of discovery is no longer stayed.

Request 18 seeks a forensic image of her phone to preserve all data that is or may become relevant. We do not presently know what counts of the Complaint will be at issue, I cannot predict with accuracy all items all sides may want or need from your client's cellular phone at this time. I do not read your letter to offer to image the device; it only offers to extract certain items from it, which is not sufficient to preserve all the data and items on it.

Rule 37 contemplates oral discussions, not dueling letters and emails back and forth. To that end, if you would like to discuss Request 18 further, Rebecca and I are available to talk with you on November 27 or 28. Let us know if you'd like to continue this discussion on those dates. (Miguel will need to advise on his availability to participate in these discussions).

We will continue to engage in these discussions with you but, as stated in my prior email, we also will be moving forward with drafting our motion to compel as the deadline is a week from this coming Monday. Next week Mrs. Gest time out of the office which limits our availability.

**From:** Cass Casper <ccasper@dispartilaw.com>
**Sent:** Wednesday, November 22, 2023 1:33 PM
**To:** Charles Little <Charles.Little@cookcountysao.org>; REBECCA GEST (States Attorney) <Rebecca.Gest@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>
**Cc:** Gia Scatchell <gia@dispartilaw.com>
**Subject:** RE: Bauman, Rule 37 Response

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

There was an error, Mr. Larios did not represent Mr. Kaminski, but he was present and can probably help reach him if that would be helpful. Corrected attached. Thank you.

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
www.DispartiLaw.com

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

**From:** Cass Casper
**Sent:** Wednesday, November 22, 2023 1:19 PM
**To:** Charles Little <Charles.Little@cookcountysao.org>; REBECCA GEST (States Attorney)
<Rebecca.Gest@cookcountyil.gov>; Miguel Larios (States Attorney) <MIGUEL.LARIOS@cookcountyil.gov>
**Cc:** Gia Scatchell <gia@dispartilaw.com>
**Subject:** Bauman, Rule 37 Response

Time has gotten away from me today, and you mentioned you need a response quickly. Sorry for the 11 pages, but I want to make sure we have a full record on this issue in case we can't resolve it and since you mentioned you're on a time crunch, I don't have time to shrink this. For simplicity sake, I include a chart up front that summarizes our proposals to compromise. I have already asked Plaintiff to download her Facebook and can start getting the other things outlined as soon as you indicate this is agreeable.

Thank you,

**Cass T. Casper, Esq.**
Labor and Employment Attorney

# DISPARTI Law Group

**Ph:** 312-506-5511 ext. 331
**Fax:** 312-846-6363
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
**www.DispartiLaw.com**

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at ccasper@DispartiLaw.com.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

CYNTHIA BAUMAN,          )
                            )
        Plaintiff,          )     Case No. 23-cv-435
                            )
v.                       )
                            )     The Honorable Judge Edmond Chang
LAW OFFICE OF THE COOK   )
COUNTY PUBLIC DEFENDER,  )     Magistrate Judge M. David Weisman
CARLOS GONZALEZ, *et al.*,    )
                            )
        Defendants.       )

## <u>DECLARATION OF CYNTHIA BAUMAN</u>

Cynthia Bauman, duly sworn and under oath, avers as follows upon her personal knowledge and belief:

1. My name is Cynthia Bauman and I am an adult resident of this judicial district, and the Plaintiff in the above-matter.

2. To the best of my recollection and belief, I have not deleted anything from my personal cell phone during the pendency of this litigation, I generally do not delete anything electronic from any of my accounts or my phone, and I am aware that I have an obligation to preserve evidence in connection with this litigation and I am abiding by that obligation.

3. I am opposed to allowing an extraction of the entire contents of my cell phone because it so invasive as to my private life, and there are things on my cell phone that have nothing whatsoever to do with the claims in this lawsuit or my emotional distress. For example, conversations with family members and friends about their issues, not mine, personal photographs pertaining to my private life and my physical person, and I am appalled that my employer is asking to screen my entire cell phone in this case.

4. I am willing to produce information from my cell phone as necessary to complete

Plaintiff 000370

discovery in this case short of the cell phone extraction that is being insisted upon.

5. Further Declarant sayeth not.

Respectfully submitted,

_____
Cynthia Bauman

11/30/2023

2

Plaintiff 000371

**From:** Cynthia Bauman
**To:** Cass Casper
**Subject:** Fwd: Your Meta download request is in progress
**Date:** Thursday, November 30, 2023 4:00:14 PM

---

CAUTION: This email is a recipient that is outside of the organization.

---------- Forwarded message ---------
From: **Meta** <notification@facebookmail.com>
Date: Wed, Nov 22, 2023 at 3:38 PM
Subject: Your Meta download request is in progress
To: Cynthia Bauman <cbauman2@gmail.com>

Hi Cynthia,

Thanks for requesting a copy of your information. Once we've finished creating these files, we will send you another email to let you know they're ready to download to a mobile device or computer.

If you did not request a copy of your information, please take steps to further secure your account.

When your files are ready, they will be available on the download your information page. For security reasons, they are only available to download for 4 days after they're ready.

Thanks,

The Meta Privacy Team

---

This message was sent to cbauman2@gmail.com at your request.
Meta Platforms, Inc., Attention: Community Support, 1 Meta Way, Menlo Park, CA 94025

Plaintiff 000372

Plaintiff 000373

| | |
|---|---|
| **From:** | Cynthia Bauman |
| **To:** | Cass Casper |
| **Subject:** | Fwd: Your account data is ready to download |
| **Date:** | Thursday, November 30, 2023 4:00:52 PM |

CAUTION: This email is a recipient that is outside of the organization.

---------- Forwarded message ---------
From: **Spotify** <noreply@spotify.com>
Date: Sat, Nov 25, 2023 at 8:45 AM
Subject: Your account data is ready to download
To: <cbauman2@gmail.com>



# Your account data is ready to download

We have compiled your account data you requested and it is now ready to download. The file will be available to download for the next 14 days.

If you have also requested extended streaming history and/or technical log information, you will be notified separately when those data packages are ready to download. If you have not requested any additional data but would like to do so, please go to your Account Privacy page and follow the instructions or email us at privacy@spotify.com. Please also email us if you have any questions about your data.

**DOWNLOAD**



Can we help you? **Support Site** | **Ask the Community**

Terms of Use | Privacy Policy | Contact Us

Spotify USA Inc, 4 World Trade Center, 150 Greenwich Street, 62nd Floor, New York, NY 10007, USA

Plaintiff 000375

**From:** Cynthia Bauman
**To:** Cass Casper
**Subject:** Fwd: Your technical log information is ready to download
**Date:** Thursday, November 30, 2023 4:01:22 PM

---

CAUTION: This email is a recipient that is outside of the organization.

---------- Forwarded message ---------
From: **Spotify** <noreply@spotify.com>
Date: Sat, Nov 25, 2023 at 3:24 AM
Subject: Your technical log information is ready to download
To: <cbauman2@gmail.com>



# Your technical log information is ready to download

We have compiled your technical log information you requested and it is now ready to download. The file will be available to download for the next 14 days.

If you have also requested your account data and/or extended streaming history, you will be notified separately when those data packages are ready to download. If you have not requested any additional data but would like to do so, please go to your Account Privacy page and follow the instructions or email us at privacy@spotify.com. Please also email us if you have any questions about your data.

**DOWNLOAD**

Can we help you? **Support Site** | **Ask the Community**

Plaintiff 000376

Plaintiff 000377



Suggestions



Recently Added



Social



Utilities





iCloud     11 >

VIP     (i) 25 >

Flagged     2141 >

Outbox     47 >

## Gmail ⌄

Inbox     544916 >

Drafts     154 >

Sent     1639 >

Junk     348 >

Trash     >

Plaintiff 000379